## IN RE APPLICATION OF FRANK VAN SYCKLE FOR A DECLARATORY JUDGMENT.

Submitted May 28, 1937—Decided September 22, 1937.

For the appellant, *Paul C. Kemeny.*

The opinion of the court was delivered by

PARKER, J. The practical question propounded by the applicant is whether, in view of chapter 185 of the laws of 1936 (*Pamph. L., p.* 443), being a supplement to the Motor Vehicle Transfer act of 1931 (*Pamph. L., p.* 312) taken in connection with chapter 186 of the same year (*Pamph. L., p.* 444) which is an amendment to the Conditional Sales act of 1919, it is necessary for the protection of the seller of a

motor vehicle by contract of conditional sale, that such contract be filed with the county clerk under the Conditional Sales act of 1919 (*Pamph. L., p.* 461), as heretofore, or whether the filing with the commissioner of motor vehicles as provided in chapter 186 will suffice. A glance at the two acts of 1936 will show that in cases of a conditional sale of a motor vehicle, chapter 185 provides for filing the contract with the commissioner of motor vehicles, and that chapter 186 amends section 6 of the Uniform Conditional Sales act of 1919 by inserting a proviso that in the case of such conditional sale affecting a motor vehicle, the record of such sale with the commissioner of motor vehicles as provided in the act of 1931 relating to sale and transfer of motor vehicles (*Pamph. L., pp.* 312 *et seq.*) "as now or hereafter amended and supplemented, shall be deemed sufficient compliance with the provisions of this" (conditional sales) "act, as to filing, wherever such motor vehicle may be found from time to time." Speaking in a broad and general way, this appears to assimilate conditional sales of ambulatory property like motor vehicles to those of railway rolling stock, which by section 8 of the 1919 act are to be filed or recorded in the office of the secretary of state.

The specific difficulty of petitioner appears, by section 9 of the petition, to be that in chapter 185 we find provisions for notation of the conditional character of the sale, and the requirement "to index the same under the name of the purchaser thereof as long as the lien remains unsatisfied of record." Petitioner asks: "does 'of record' mean of record in the office of the county clerk? If not, where, then, 'of record?'"

The Supreme Court held, in part, that "the general rule is that the court will not render a declaratory judgment as to the validity or construction of a statute in the absence of an actual controversy nor in the absence of notice to municipal or state officials affected by the declaration relating to statutes if and when an actual controversy arises respecting such statutes." In that holding we concur. The petitioner, appealing, states that notice was given to the attorney-general.

Assuming for the present the existence of a controversy, this notice, while perhaps proper, is not enough. The commissioner of motor vehicles, as such, would be interested in the question whether he is the exclusive custodian of conditional sale records relating to motor vehicles, and exclusively entitled to "cancel them of record" in suitable cases. See section 12 of the Conditional Sales act, *Pamph. L.* 1919 (at *p.* 465). So also is every county clerk interested in the question whether his jurisdiction in this regard has ceased. All these officials, by section 12 of the act under which this petition is filed (*Pamph. L.* 1924, *p.* 312), should be made parties.

But under the act of 1924 we consider that in the first instance, there must be a controversy. The brief on this appeal treats the phrase "actual controversy" in the opinion of the Supreme Court as meaning "an actual controversy between litigants." We do not think that court meant that the statute was applicable only to existing litigation. In section 6 it speaks of "the uncertainty or controversy *giving rise* to the proceeding." It seems to assimilate the jurisdiction conferred to that of a court of equity to settle doubts about the construction of a will, where the language of such will is ambiguous or uncertain; or to the jurisdiction of the same court on a statutory bill to quiet title, or a bill of peace under its inherent jurisdiction. But as in any of these three cases there must be some parties other than the petitioner, actually or at least prospectively interested in a determination adverse to the claim of petitioner, so here, to invoke judicial action there should appear to be some disagreement, dispute, or in short, controversy to be adjusted between parties. This seems clear from the language of section 11, which reads in part: "Where declaratory relief is sought, all persons should be made parties who have or claim any interest which would be affected by declaration, *and no declaration shall prejudice the rights of persons not parties to the proceeding."* But the present case resembles the very recent case of *Johnston* v. *Board of Adjustment,* 118 *N. J. L.* 298 (the second decision in that case) wherein petitioner applied for an interpretation of the language of a municipal ordi-

nance, and submitted what the court described as a "questionnaire." Here the Supreme Court was asked to reconcile, or construe together, two statutes, which petitioner fears are inconsistent or obscure. It is not even suggested that anyone else shares that fear, or disputes any view that petitioner may take of them. In short, the court was asked as advisory counsel to tell petitioner whether he had better file in both offices, or one only, and which one. The court is not called upon to resolve cases of individual dubiety which are purely subjective. The petition was properly dismissed, and the judgment of dismissal is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, DONGES, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 12.

*For reversal*—None.