JONES *v.* NATIONAL BANK OF COMMERCE IN MEMPHIS.

(*Knoxville,* September Term, 1951.)

Opinion filed October 9, 1951.

Rehearing denied December 14, 1951.

WILS DAVIS, CHARLES L. NEELY, JOHN LEAKE, EARL P. DAVIS, all of Memphis, and CECIL B. NANCE, of Marion, Ark., for complainant.

FRANK J. GLANKLER, JOHN S. MONTEDONICO, CANALE, GLANKLER, LITTLE, BOONE & LOCH, and J. C. KINCANNON, all of Memphis, G. B. SEGRAVES, of Osceola, Ark., and JOHN A. FOGLEMAN, of Marion, Ark., for defendants.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

In August 1949, the Probate Court of Crittenden County, Arkansas, admitted a certain paper writing to initial or original probate in common form as the last will of L. H. Carruth. The order of probate adjudged Carruth to have been a resident of that county at the time of his death. Carruth died the owner of considerable land in that county, and of considerable personal property in Shelby County, Tennessee.

An ancillary probate in common form of that will was had in September 1949, in the Probate Court of Shelby County, Tennessee under the provisions of Code, Sections

8114-8115 of the Tennessee Code, and it was recited in the order so admitting it to such probate that Carruth was domiciled in Crittenden County, Arkansas at the time of his death. The National Bank of Commerce in Memphis was issued letters of administration c/t/a.

The sole heir at law of the alleged testator is Mary Carruth Jones. She had no notice of either of the two above mentioned probates of her father's will.

In November 1949, this sole heir, Mary Carruth Jones, filed a petition in the Probate Court of Shelby County and therein alleged that her father was of unsound mind at the time of executing this paper writing and was unduly influenced to execute it by one Frank G. Barton, a beneficiary therein. She alleged that her father was a resident of Memphis at the time of his death. The prayer of her petition, as amended, was (1) that the previous order of the Shelby County Probate Court admitting said will to ancillary probate in Shelby County be reformed so as to eliminate the provision finding that Carruth was a resident of Crittenden County, Arkansas, at the time of his death; and (2) that this petitioning daughter be permitted to contest the will on the grounds above stated, and that when the issues are made up there be included therein, if necessary, the question of whether deceased was a citizen and resident of Shelby County, Tennessee at the time of his death.

The alleged will of Carruth satisfied all requirements of the law of Tennessee and of Arkansas with reference to the devise of real estate and the bequest of personalty. Therefore, the only relief that was or could in any event be had by the daughter of decedent in the proceedings instituted by her petition to contest the will was a determination by a trial in the Circuit Court of Shelby County as to whether Carruth at the time of the execution of

this will was unduly influenced by Barton or was of unsound mind at that time.

The administrator c/t/a moved the Probate Court to dismiss the petition to contest on the ground that the Probate and Circuit Court of Shelby County were without jurisdiction in that the proceedings in the Arkansas Court were conclusive and precluded a contest devisavit vel non in the Tennessee Circuit Court.

The Probate Court of Shelby County was of the opinion that the question of domicile in the initial or original probate of a will is a jurisdictional question and that the decision, therefore, of the Arkansas Court as to the domicile of the decedent at the time of death was not binding upon the Courts of Tennessee as to personal property of decedent in Tennessee.

The Probate Court further concluded that it had the authority (1) to revoke its previous finding that decedent was a resident of Arkansas at the time of his death if the proof should show that decedent was in fact a resident of Shelby County, Tennessee at the time of his death; and (2) to then certify the record to the Circuit Court for contest if in fact Shelby County is found to have been the residence of the decedent. The Probate Judge, after hearing proof, further found that decedent Carruth was in fact a resident of Shelby County at the time of his death.

It was assigned as error in the Court of Appeals that the Probate Court erred in holding (1) that Carruth was domiciled in Shelby County at the time of his death, and (2) in denying the motion of the administrator c/t/a to dismiss Mrs. Jones' petition to contest the will of her father on the ground of unsound mind and undue influence.

The Court of Appeals deemed it unnecessary to consider the issue as to Carruth's domicile at the time of his death. Then, in a far reaching and profound opinion in which the appropriate common law and statutes of Tennessee were scholarly reviewed and discussed, it held that the Circuit Court of Shelby County was without jurisdiction to entertain the proposed contest of Mr. Carruth's will and that the Probate Court was without jurisdiction to certify the record for such purpose.

Accordingly, the Court of Appeals reversed the judgment of the Probate Court and sustained the motion of the administrator c/t/a made in the Probate Court to dismiss Mrs. Jones' petition filed therein.

Mrs. Jones has filed this petition for certiorari wherein she insists that it was error for the Court of Appeals to order the dismissal of the petition filed by her in the Probate Court.

While this case was being heard in the Court of Appeals it was made known to that Court that Mrs. Jones, the petitioner in the Probate Court, had instituted in Crittenden County, Arkansas, a contest of her father's will on the ground that he was of unsound mind and had been unduly influenced by the aforesaid Barton, and that these issues had been found against her, and the will sustained by the Arkansas Trial Court and that an appeal was had to the Supreme Court of Arkansas where the case is now pending.

It is said in Mrs. Jones' petition for certiorari that:

"* * * the decision of the Supreme Court of Arkansas will settle the question of validity or invalidity of the will and there cannot be a second contest to determine that question in Tennessee.

*      *      *      *      *      *

"We entertain no such idea as that the will can be contested upon the ground of unsoundness of mind of the testator or undue influence of Barton upon him after the Supreme Court of Arkansas has rendered a final decree."

By her assignment of error here it is insisted by Mrs. Jones, the petitioner for certiorari, that: "The Court of Appeals should have dismissed the administrator's appeal on the ground that the question originally presented had become moot pending the appeal and directed that the certification be made to the Circuit Court and the making of the issue of devisavit vel non be stayed until the appeal in Arkansas was determined and plea in accordance could be made."

In as much as it is conceded by petitioner for certiorari that the will cannot be contested in the Circuit Court of Shelby County, it follows that it would be a futile act to direct the Probate Court to certify to the Circuit Court a will contest which it is conceded by petitioner that the Circuit Court cannot hear. For a Court to entertain a case "the controversy must be real and not pro forma". *Ward* v. *Alsup,* 100 Tenn. 619, 741, 46 S. W. 573, 574.

There is also an inconsistency, as this Court sees it, in the contention that the Court of Appeals should have dismissed the appeal because the sole question involved is moot in so far as the Tennessee Courts are concerned, and at the same time ask this Court to entertain a petition for certiorari in that case where the question involved is conceded by petitioner to be moot in so far as our Courts are concerned.

In *McCanless, Commissioner* v. *Klein,* 182 Tenn. 631, 637, 188 S. W. (2d) 745, 747, this Court recognized the general rule to be "that *cases* which pending litiga-

tion or appeal have become moot will be dismissed as such". (Emphasis supplied.)

In *State ex rel. Wilson et al. v. Bush, Sheriff*, 141 Tenn. 229, 208 S. W. 607, the appeal to this Court was from a decree dismissing the suit. This Court sustained a motion to dismiss the appeal on the ground that the question involved had become moot pending appeal. It is to be noted that the result of sustaining the motion to dismiss the appeal left no case in Court since the decree of the lower Court had dismissed the case.

On principle, as well as on the authorities above mentioned, it seems proper that a case be dismissed when the question it presents is moot.

The Court of Appeals ordered the dismissal of the petition filed by Mrs. Jones in the Probate Court of Shelby County. For the reasons above stated, this Court concurs in that result without any expression as to agreement or disagreement with the grounds upon which the Court of Appeals reached that result. Hence, the petition for certiorari is denied.