**FREIBERG, Exr., Plaintiff, v. SCHLOSS et, Defendants.**

Probate Court, Hamilton County.

No. 3677. Decided January 23, 1953.

Leonard H. Freiberg, Cincinnati, for plaintiff.
Carl L. Meier, Cincinnati, amicus curiae.

## OPINION

By DAVIES, J.

In his petition asking for a declaratory judgment, Leonard H. Freiberg, executor of the estate of Celia Dreyfoos, deceased, has requested the court to determine and declare that Alice Seeman predeceased said testatrix and that Sigmund Schloss, Betty Schloss and Emma Goldman are entitled to divide the residue of decedent's estate in equal thirds. The last three named persons, together with the said Alice Seeman, if alive, were nieces and nephew and the sole next of kin of Celia Dreyfoos, and all were made parties defendant in the plaintiff's action. Service by publication has been made upon Alice Seeman, and proper service made upon other defendants in the case.

The will of Celia Dreyfoos, who died on July 25, 1949, provided in part as follows:

"Item I. All of my property, real, personal and mixed, of every kind and description, of which I may die seized and possessed and have the right of disposition, I give, devise and bequeath in four (4) equal shares to Emma Goldman and Betty Schloss, both of 897 Clinton Springs Avenue, Cincinnati, Ohio, Sigmund Schloss of 38 Landon Court, Cincinnati, Ohio, and Alice Seeman formerly of Wurzburg, Germany, share and share alike. In the event any of these shall predecease me, then the share of such decedent shall be divided equally between the survivors."

Emma Goldman, Betty Schloss and Sigmund Schloss survived the testatrix, but Alice Seeman, whose last known address was in Wurzburg, Bavaria, Germany, has not been heard from since September 21, 1942, when, according to the

evidence, she was deported from her home in Germany to Poland by the Nazis under circumstances which convince the court, by a preponderance of the evidence, that she was executed, together with other prisoners, within a few months after the date of her disappearance.

The court, under these facts, is asked to declare that Alice Seeman predeceased the testatrix, Celia Dreyfoos, and to decide that the other named defendants, Sigmund Schloss, Betty Schloss and Emma Goldman, under the terms of Celia Dreyfoos' will, be permitted to divide in equal thirds the estate set forth in Item I above.

It has been suggested that the plaintiff should have brought his action under the Presumed Decedents' Act, rather than under the Declaratory Judgments' Act.

It is true that the plaintiff, in his capacity as executor, could have instituted proceedings under the Presumed Decedents' Act to have this court decree that the legal presumption of Alice Seeman's death was made out under the facts of this case, but, as hereinafter set forth, the presumption of her death would be regarded as having arisen as of the date of such decree. In this event, it would have been legally presumed that Alice Seeman survived Celia Dreyfoos and, under the terms of the above will, would be entitled to one-fourth of the decedent's estate. This would have necessitated the issuance of letters to an administrator upon the estate of the presumed decedent, Alice Seeman; would have required the giving of bond by the persons entitled to receive the distribution of proceeds of the presumed decedent's estate; and would have forced the administrator to follow in detail the procedure of administration set forth in §10509-31 et seq GC.

Under the Presumed Decedents' Act in Ohio, whenever any person shall be presumed to be dead on account of seven or more years' absence from the place of his last domicile, the court, after following the prescribed procedure, hears evidence concerning the alleged absence of the presumed decedent and the circumstances and duration thereof. (Sec. 10509-25 GC.)

If satisfied, upon such hearing, that the legal presumption of death is made out, the court so decrees, and the presumption of death shall be regarded as having arisen as of the date of such decree. (Sec. 10509-28 GC.)

The plaintiff instituted proceedings under the Declaratory Judgments' Act, rather than under the Presumed Decedents' Act, for the obvious purpose of establishing, if possible, Alice Seeman's death prior to the date of Celia Dreyfoos' death.

Before considering whether this court has jurisdiction to render the declaratory judgment sought by plaintiff, we be-

334

lieve it will be helpfull to review certain cases involving proof of deaths under Presumed Decedents' Act.

In the case of **In re Estate of McWilson, 155 Oh St, 261, 44 O. O. 262,** the court held that "at common law the seven years unexplained absence of a person gives rise only to a presumption of his death and not to the date thereof," which "must be fixed by the court upon evidence." The case also held that the date of the decree would fix the date of the presumed death, pointing out that the **presumption** of death cannot arise before the lapse of seven years of unexplained absence, and, under the provisions of §10509-28 GC, the arising of the presumption is postponed until the date of the decree. It will be noted, however, that the court (on page 268) held that "although it is true that the presumption of death may be rebutted by proof that the presumed decedent is living, the burden of proving that such decedent is alive, **or died** at a different time from the date when the presumption of death would ordinarily arise, is upon the one asserting such fact." (Emphasis ours.) In the McWilson case, there was no evidence except the unexplained absence of decedent from his domicile for more than seven years.

In an article entitled "When is a Presumed Decedent Dead According to Law," found in **45 O. O. 221,** by Frances J. Eberly, the author, in commenting on the McWilson case, points out that the Presumed Decedents' Act (§10509-25 to §10509-28 GC), applies only to a case in which the presumed decedent has an estate in his own right, upon which administration is sought for the purpose of making distribution thereof to his heirs or beneficiaries, and does not apply to a case in which a "presumed decedent" leaves no estate. We agree with Mr. Eberly's conclusion that the sole purpose of the Ohio Presumed Decedents' Act is to provide a statutory method for the administration of the estate of one who, because of unexplained absence of seven years, is, as at common law, presumed to be dead. The Presumed Decedents' Act is a procedural statute and is confined by its terms to the administration of the known estate of a presumed decedent. Morrissey, Admr., v. Smith, et al., 39 O. L. R., 329.

The common law rule as to the presumption of death arising seven years after the time of disappearance has not been abrogated by the Presumed Decedents' Act in Ohio. **Blythe v. Vail, Admr., 11 O. O. 339.**

A person who for seven years has not been heard of by those who, had he been alive, would naturally have heard of him, is presumed to be dead, under the common law; but **the law raises no presumption as to the time of death.** The triers

of fact may infer that he died before the expiration of seven years, if it appears that within that period he encountered some specific peril, or came within the range of some impending or imminent danger which might reasonably be ■ expected to destroy life. He who asserts that the time of death was on a day prior to the expiration of seven years carries the burden of proof. 1 Greenleaf on Evidence (16 ed.), Sec. 41; Davie v. Briggs, 97 U. S. 628; 17 C. J. 1166—2a; Fidelity Mutual Life Ass'n. v. Mettler, 185 U. S. 305; 253 Ill. 179; Wigmore on Evidence, Vol. IX, Sec. 2531a; **Young et al v. Young, 10 Oh Ap, 351; 13 O. Jur. 372;** 1 Jones on Evidence (4 ed.) 112; 16 Am. Jur. 30, Sec. 35; 25 Corp. Jur. (2d) 1064.

In a case decided under common law principles before the passage in Ohio of the Declaratory Judgments' and Presumed Decedents' Statutes, it was held, where one was seen on a steamer in mid ocean at ten o'clock at night and not found the next day when diligent search for him was made and he was not seen since either living or dead, that it was a necessary conclusion that the man was dead, when proven by a preponderance of the evidence. Travelers' Ins. Co. v. Rasch, 3 O. C. C. (ns) 156.

To establish the date of death at a particular time within ■ seven years, special facts and circumstances should be shown reasonably conducing to that end. The evidence need not be direct or positive; it may be indirect or inferential, but it must be of such a character as to make it more probable that he died at the particular time than that he survived. 16 Am. Jur., Sec. 35, p. 30, et seq. The same text outlines a variety of circumstances in which courts have declared the death of absent persons before the expiration of seven years, taking into consideration exposure to a probably fatal danger; improbability of, or lack of motive for, a mere abandonment of his home; the character, habits, conditions, affections, attachments, prosperity, and objects in life of the absentee. which usually control the conduct of men, and in view of which no reasonable explanation can be given for his absence; the age, occupation or prospective journey of a given individual or by circumstances indicating suicide. See also 61 A. L. R. 1321; Brownlee v. Mutual Benefit Health and Accident Ass'n., 29 Fed. (2d) 71.

Death may be proved by circumstantial evidence alone. ■ Veseleky v. The Bankers Life Company, 248 Ill. App. 176; Harvey v. Fidelity and Casualty Company, 200 F. 925.

It is our opinion that the Presumed Decedents' Act (§10509- ■ 25 et seq GC) is not intended to apply when a presumed decedent leaves no estate to be administered, but is con-

fined by its terms to the administration of the known estate of a presumed decedent.

Said Act will not apply to the case under consideration if the plaintiff can prove by a preponderance of the evidence, and if the court has authority to declare, that Alice Seeman died before her aunt, Celia Dreyfoos, because in such event, Alice (taking no part of Celia's estate and having no other estate as shown by the evidence) would have no estate to administer in Ohio.

The plaintiff could not obtain the relief sought under determination of heirship proceedings because §10509-95 GC, providing for such proceedings, reads that "whenever property passes by the laws of intestate succession, or under a will to a beneficiary or beneficiaries not named in such will, proceedings may be had in the Probate Court to determine the persons entitled to such property." No property passes by the laws of intestate succession in the instant case and no property passes under a will to a **beneficiary or beneficiaries not named in such will.**

We come finally to a consideration of plaintiff's request that the court, by a Declaratory Judgment, determine that Alice Seeman predeceased Celia Dreyfoos.

The Declaratory Judgments' Act, enacted by the legislature under authority of **Article IV, Section 8, of the Ohio Constitution,** provides, in part, as follows:

"**Sec. 12102-1 GC.** Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed * * *."

"**Sec. 12102-2 GC.** Any person interested under a * * * will * * * may have determined any question of construction or validity arising under the instrument, * * * and obtain a declaration of rights, status or other legal relations thereunder."

"**Sec. 12102-4 GC.** Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trustee in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto:

(a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or

(b) To direct the executors, administrators, trustees or other fiduciaries to do or abstain from doing any particular act in their fiduciary capacity; or

(c) To determine any question arising in the administration

of the estate or trust, including questions of construction of wills and other writings."

"**Sec. 12102-12 GC.** This act is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."

It is well established in Ohio that both the Common Pleas Court and the Probate Court have concurrent jurisdiction to determine heirship by declaratory judgment under §§12102-1 and 12102-4 GC. **Kane v. Kane, 146 Oh St, 686, 33 O. O. 166, 67 N. E. (2d), 783.**

It is equally well established that an action for a declaratory judgment may be alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the Uniform Declaratory Judgments' Act and a real controversy between adverse parties exists which is justiciable in character and speedy relief is necessary to the preservation of rights that may be otherwise impaired or lost. **Schaefer, Appellee v. The First National Bank of Findlay, Ohio, 134 Oh St 511, 13 O. O. 129, 18 N. E. (2d) 262; Radaszewski v. Keating, Exrx. et al., 141 Oh St, 489, 26 O. O. 75, 45 N. E. (2d) 147.**

In the case of **Thompson, Admr. v. Parrett, et al,. 82 Oh Ap 366, 38 O. O. 42,** (decided March 1, 1948), the court reviewed a case in which a Probate Court, in an action to determine heirship, had decided that an alleged decedent had died at or near the "date of his disappearance," rather than seven years after the date of his disappearance, which latter date the court accepted as the legal date for the presumption of death under the Ohio Presumed Decedents' Act. The reviewing court stated that "under the Ohio law, unexplained absence for seven years raises a presumption of the fact of death," but "raises no presumption as to the precise time of death. The presumption is," the court reasoned, "in absence of definite evidence to the contrary, that such person is dead at the end of seven years." The court, however, realizing that, in a suit to determine heirship, it could be proven that a decedent died prior to the expiration of seven years from the date of his absence, held specifically that "to raise a presumption of death at a date within the seven years, special facts and circumstances should be shown reasonably supporting such conclusion," and held that "he who asserts that the time of death was on a day prior to the expiration of seven years from the date of his absence carries the burden of proof," and "where the evidence is insufficient to warrant a finding that the decedent died on a date prior to the expiration of seven years, the court is re-

quired to rest the case upon the legal presumption that death did not arise until the expiration of seven years from the date of his disappearance,"—now, under the McWilson case, supra, at the date of the decree.

The Ohio cases support the general proposition of law that **when it can be proven that a missing person died on a certain date,** either within seven or more years absence from the place of his last domicile, **his date of death shall be regarded as** ■ **having arisen on such proven date,** rather than on the date of the decree when he is merely presumed to be dead under the provisions of §10509-25 et seq GC.

Under the provisions of §12102-1 et seq GC, an executor, in the administration of an estate, when doubtful as to the distributive rights of devisees named in a will, may obtain from the Probate Court in which the estate is being administered a declaration of said devisees' rights. When necessary, in determining such distributive rights, the Probate Court, in an action brought by an executor for a Declaratory Judgment, where a devisee has been missing from the place of his last domicile, may declare and decree, when proven by a preponderance of the evidence, that said devisee is in fact dead, may fix the actual date of his death, and may determine what rights, if any, he has under a testator's will. The court may fix the date of said devisee's death, **when proven by a preponderance of the evidence,** at any time between the date of the devisee's disappearance from his last domicile and the date of the court's decree.

Although the question involved in the present action for a Declaratory Judgment depends largely on a determination of the fact of whether Alice Seeman is dead or alive, the court, in the exercise of its sound discretion, may entertain, as it has determined to entertain, such action. **Smith v. Municipal Civil Service Commission, 158 Oh St, 401, 49 O. O. 227; Ohio Farmers Ins. Co. v. Heisel, 143 Oh St, 519, 28 O. O. 460, 56 N. E. (2d) 151: Coshocton Real Estate Co. v. Smith, 147 Oh St 45, 33 O. O. 241, 67 N. E. (2d) 904; American Life & Accident Ins. Co. v. Jones, Adm., 152 Oh St 287, 40 O. O. 326, 89 N. E. (2d) 301; and Travelers Indemnity Co. v. Cochrane, 155 Oh St 305, 44 O. O. 302, 98 N. E. (2d) 840.**

Applying these principles to the instant case, the court declares and decrees that Alice Seeman died in 1942, and takes nothing under the provisions of the Will of Celia Dreyfoos who died on July 25, 1949. Accordingly, Sigmund Schloss, Betty Schloss and Emma Goldman are each entitled to an undivided one-third share of Celia Dreyfoos' estate.