Ben GORDON, Petitioner,

v.

Clyde M. FOLLOWELL, Supernumerary District Judge, assigned to the District Court of McIntosh County, Oklahoma, Respondent.

No. 40678.

Supreme Court of Oklahoma.

March 31, 1964.

Kenneth W. Lackey, Eufaula, for petitioner.

Stipe, Gossett & Stipe, McAlester, Milam M. King, Checotah, for respondent.

JACKSON, Justice.

This is an application by petitioner, Ben Gordon, for this court to assume original jurisdiction for the purpose of issuing a writ of prohibition against the respondent judge, preventing him from proceeding further in a certain action filed in the District Court of McIntosh County under the Oklahoma Declaratory Judgments Act, 12 O.S. 1961, § 1651 et seq.

The petition for declaratory judgment alleges that in 1962, while Bessie Gammel was under guardianship and suffering from cancer in its terminal stages, she entered into a purported marriage with Ben Gordon, and that she died about four months later. The plaintiffs in the declaratory judgment action are the former guardian of Bessie Gammel and two of her brothers. Their petition attacks the validity of the marriage on that ground that she was mentally and physically incapable of entering into the marriage relation; it alleges that the marriage was "conceived in fraud with

a design on the part of Ben Gordon to qualify as an heir for the sole and only purpose of enriching himself"; and the court is asked to declare the marriage void from its inception.

The record shows that the petition for declaratory judgment was filed on Feb. 8, 1963, and that three days later, a petition for the probate of her will was filed in county court. We are informed in oral argument that the will originally offered was denied admission to probate; that a will of later date was admitted and a special administrator appointed; and that the order admitting the later will is now on appeal to the district court.

In view of the conclusion reached hereinafter, it will be unnecessary to set out in detail the various arguments made by the parties.

The Uniform Declaratory Judgments Act, or its substantial equivalent, has been adopted in about 40 states. The Oklahoma Act is substantially the same as the uniform act. See in this connection, Fraser, Oklahoma's Declaratory Judgment Act, 32 OBJ 1447; 9A Uniform Laws Annotated, page 1. Since the Oklahoma act is comparatively new and there is no case law construing it, a reference to the cases from jurisdictions having adopted the uniform act will be helpful. All of the cases hereinafter referred to are from jurisdictions having adopted the uniform act.

Under the Oklahoma act, the jurisdiction of district and superior courts to award declaratory relief is expressly limited to "cases of actual controversy." 12 O.S.1961 § 1651. Although the uniform act does not in express terms so limit the giving of declaratory relief, appellate courts of the states having adopted it, practically without exception, follow the same rule. Petition of Capital Bank and Trust Co., 336 Pa. 108, 6 A.2d 790; Langer v. State, 69 N.D. 129, 284 N.W. 238; Atkinson v. Sapperstein, 191 Md. 301, 60 A.2d 737; Application of Van Syckle, 118 N.J.L. 578, 194 A. 284; Illinois Power Co. v. Miller, 11 Ill. App.2d 296, 137 N.E.2d 78; Povey v. School

Committee of Medford, 333 Mass. 70, 127 N.E.2d 925; Freiberg v. Schloss, Ohio Prob., 112 N.E.2d 352; State ex rel. Smith v. Haveland, 223 Minn. 89, 25 N.W.2d 474, 174 A.L.R. 544; State ex rel. Ekern v. Dammann, 215 Wis. 394, 254 N.W. 759; Kahin v. Lewis, 42 Wash.2d 897, 259 P.2d 420; Recall Bennett Committee v. Bennett, 196 Or. 299, 249 P.2d 479; Kress v. Corey, 65 Nev. 1, 189 P.2d 352; Anderson v. Wyoming Development Co., 60 Wyo. 417, 154 P.2d 318; Brunton v. United States National Bank of Denver, 97 Colo. 47, 47 P.2d 395; Lide v. Mears, 231 N.C. 111, 56 S.E.2d 404; Joseph v. National Bank of West Virginia, 124 W.Va. 500, 21 S.E.2d 141; Lang v. City of Mobile, 239 Ala. 331, 195 So. 248; Halpert v. Oleksy, Fla., 65 So.2d 762; Jones v. National Bank of Commerce in Memphis, 193 Tenn. 126, 244 S.W.2d 430.

■ In Kahin v. Lewis, 42 Wash.2d 897, 259 P.2d 420, the Washington court said:

"This court has many times held that in order to invoke the jurisdiction of the court under the declaratory judgment act there must be an actual existing justiciable controversy between parties having opposing interests, which interests must be direct and substantial, and involve an actual, as distinguished from a possible, potential or contingent dispute. * * *"

In Kress v. Corey, 65 Nev. 1, 189 P.2d 352, the Nevada court quoted with approval as follows from Declaratory Judgments, Borchard, pages 26 and 27:

"The requisite precedent facts or conditions which the courts generally hold must exist in order that declaratory relief may be obtained may be summarized as follows: (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must

have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination."

■ With those principles in mind, we now re-examine the petition in the declaratory judgment action. It alleges that plaintiffs therein are two brothers, and the former guardian, of Bessie Gammel, deceased. It makes no reference at all to a determination of the heirs of Bessie Gammel and is confined entirely to an attack upon the validity of the Gordon-Gammel marriage. Her brothers do not urge their status as her heirs (if they are), and the other plaintiff, the former guardian, concedes that the guardianship was "terminated by the death". No property is described and no property rights are advanced. In short, the petition does not disclose that there is "an actual, existing justiciable controversy between parties having opposing interests" that are direct and substantial; it does not disclose what "legally protectible interest" the plaintiffs may have in attacking the Gordon-Gammel marriage, if any.

We therefore hold that the petition was insufficient to invoke the jurisdiction of the court under the declaratory judgments act.

It is argued by the former guardian, Hensley, that during the lifetime of Bessie Gammel, defendant Gordon acquired possession of certain of her assets, and that the guardian is now threatened with "danger of liability" because of such conduct of Gordon. It is also urged that since Bessie Gammel left a will (the provisions of which are not before us) it is possible that the question of the validity of her marriage to Gordon may never become an issue in the probate case. Hensley says that he is entitled to a declaratory judgment on the validity of the marriage in order that he may properly account for the assets of the estate of Bessie Gammel, and in order that he may know whether or not to surrender possession of the former homestead of Bessie Gammel to Ben Gordon, as his probate homestead.

  We do not find these arguments persuasive. The powers and duties of the guardian terminated upon the death of the ward except for the settlement of the guardianship account. The settlement which the guardian is authorized to make after the death of his ward pertains only to the guardian's acts and proceedings during the lifetime of the ward. Hyden v. Wilkinson, 187 Okl. 348, 102 P.2d 887. If the guardian was remiss in his duties during the lifetime of his ward, in not taking possession of all of her property, it is now too late to rectify the error. His duty is now limited to accounting to the county court for the property of Bessie Gammel that remains in his hands. The duty to take charge of the assets of the estate of Bessie Gammel, deceased, now rests upon the special administrator who was appointed in the probate case. 58 O.S.1961 § 215.

Nor do we find the possible probate homestead question a proper reason for invoking the provisions of the declaratory judgments act. In the course of determining the heirs of Bessie Gammel, the county court will of necessity have to determine the validity of the Gordon-Gammel marriage, if this issue is raised by a proper party in interest. If it is so raised and answered, Gordon's right to a probate homestead will be determined at the same time. In any case, since the former guardian's right to the possession of the property of Bessie Gammel has now ceased, and such right has now passed to the special administrator, any possible contest over Gordon's right to a probate homestead will represent an "actual controversy" between Gordon and the special administrator, not Gordon and the former guardian.

  The jurisdiction of district and superior courts in this state under the declaratory judgments act is limited to "cases of actual controversy". No such controversy was shown in the petition in the declaratory judgments action. Prohibition is a proper remedy to arrest the action of an inferior court where a proper showing has been made that such court is proceeding in a cause without jurisdiction. State ex rel. Cavett v. Douglass, 187 Okl. 272, 102 P.2d 856.

The application to assume original jurisdiction and the petition for writ of prohibition are both granted.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.