Jacqueline **GRAHAM**, Appellee,

v.

**FARMERS NEW WORLD LIFE INSURANCE COMPANY,**
Defendant,

**Vickie Lynn Nicolle, as Personal Representative of the Estate of Joseph Earl Nicolle, Deceased, Appellant.**

No. 78005.

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 27, 1992.

Harry Scoufos, Sallisaw, and Monte E. Johnson, Oklahoma City, for appellant.

Richard Morris, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Jacqueline Graham (Graham) filed an action against Farmers New World Life Insurance Company (Company) to recover the proceeds of a $100,000.00 life insurance policy (policy). The policy was issued in May, 1990. Joseph Earl Nicolle (decedent) was the insured party. In July, 1990, he died in a helicopter accident. Graham claimed to be the beneficiary and demanded the proceeds of the policy from Company. Company refused to pay her.

In its answer to Graham's petition, Company alleged that Vickie Lynn Nicolle (Nicolle) had made demand for the proceeds of the policy. Company said its records showed Graham to be the designated primary beneficiary, with decedent's mother being designated as the secondary beneficiary.

Company counterclaimed for interpleader, made Nicolle a party, and asked the Court to determine which claimant should be paid. Company prayed that it be allowed to pay the proceeds of the policy into Court and then be discharged from further liability or participation. Company was discharged by the court and is not a party to this appeal.

Nicolle alleged she was the Administratrix of the estate of decedent, and the beneficiary of the policy. She asked that a constructive and/or resulting trust be imposed by the trial court upon the proceeds of the policy, and any payment of proceeds to Graham be subject to that trust. She alleged she was the wife of decedent and that he made all policy payments with marital assets.

Graham moved for summary judgment. In her brief in support of summary judgment, Graham contended: (1) while decedent was married to Nicolle at the time of his death, divorce proceedings were pending; (2) decedent was living with Graham at the time of his death; (3) the policy was a new policy and not merely a change in beneficiary of an older policy; (4) the provisions of the policy expressly stated decedent was the owner of the policy; (5) as the

owner, decedent had the contractual right to name anyone he pleased as his beneficiary or to effect a change in beneficiary at any time; and, (6) she had made demand for the policy proceeds from the Company. Graham attached evidentiary material to her Motion For Summary Judgment, including: a copy of the policy; a copy of the divorce petition; an affidavit from Graham; a claim for life insurance proceeds; and, a letter from Company to Nicolle's attorney. Graham also moved to dismiss Nicolle's claim against her.

In her response, Nicolle alleged there was no new policy, only a continuation of a 1982 policy; she was the beneficiary of the policy since 1982; the pending divorce petition requested decedent make Nicolle the irrevocable beneficiary of his life insurance policies; decedent had falsely represented himself as divorced in order to change beneficiary; and, if he had correctly represented himself as married, Company would have inquired as to Nicolle's marital rights. Nicolle further alleged she had property rights in the policy and these rights were conveyed away by decedent in anticipation of divorce. Attached as evidentiary materials to the response were an affidavit from Nicolle, and an affidavit from her attorney saying "there are many facts yet to be discovered and established which will have a great bearing on the final resolution of this case".

The trial court sustained Graham's motion for summary judgment and entered judgment for her and against Nicolle. After judgment, Nicolle moved the trial court to add the children of herself and decedent as additional parties. She also moved the trial court to reconsider its decision. Both motions were overruled.

■ The facts presented below show decedent to have been the owner of the policy. As the owner, the policy terms entitled decedent to name the beneficiary, and to change the beneficiary, if he so desired. There was no judgment in the pending divorce proceeding or any other agreement that required decedent to make Nicolle the beneficiary of this policy. Nicolle does not cite any Oklahoma law (statute or court

decision) requiring her to be the beneficiary of the policy and we are not familiar with any such law. The policy must be interpreted by its own terms and conditions. See 36 O.S.1981 § 3621. The terms and conditions of this policy, including the beneficiary designation, are, that upon decedent's death, Graham was the beneficiary.

It is unnecessary for us to decide whether the 1990 policy was a new policy or a conversion of a 1982 policy. Ordinarily, the owner of an insurance policy may name [and change] its beneficiary. Assuming arguendo, the 1990 policy is merely a continuation of the 1982 policy, Nicolle has not shown that she was named as irrevocable beneficiary. Decedent retained the right to change the beneficiary of the policy without her consent.

■ Nicolle contends the filing of a divorce petition creates a co-ownership in the jointly acquired property of that marriage, regardless who holds legal title. Whether this is correct or incorrect is immaterial. Proceeds of an insurance policy, payable at death, cannot be divided in a divorce decree because the parties must be alive to be divorced, and there was no order prohibiting him from changing the beneficiary. In addition, an insurance contract is controlled strictly by principles of contract law. See 36 O.S.1981 § 3621; *Short v. Oklahoma Farmers Union Insurance Co.*, 619 P.2d 588 (Okl.1980). It must be interpreted by the clear and unambiguous terms of the policy. *Carraco Oil Co. v. Mid–Continent Casualty Co.*, 484 P.2d 519 (Okl.1971).

■ Nicolle contends she had a vested interest in the ownership of the policy. However, absent contractual obligations, court orders or judgments, not presented here, no beneficiary or previous beneficiary can have a vested interest in a life insurance policy until the proceeds of the policy become payable. See *Baird v. Wainwright*, 260 P.2d 1060 (Okl.1953).

■ Nicolle contends the decedent disposed of jointly acquired property, the proceeds of the policy, which is a fraud upon her marital rights. The cases cited by Nicolle are not on point. In those cases,

tangible marital property was conveyed away in anticipation of divorce. Here, the property interest was contingent until the decedent's death. As best we can determine from the record, there was no cash value.

■ Finally, Nicolle contends the change in beneficiaries was a fraudulent conveyance if decedent did not intend to provide for his children. She cites *Abrego v. Abrego*, 812 P.2d 806 (Okl.1991). In *Abrego*, the Supreme Court imposed a lien upon the proceeds of a life insurance policy for child support payments that had accrued before the father's death. *Abrego* is inapplicable as it is factually different from the case on appeal; here, there has been no showing of accrued child support. Further, there was no showing of fraud by decedent or Graham.

We are limited to the issues actually presented below as reflected by the record. *Frey v. Independence Fire and Casualty Co.*, 698 P.2d 17 (Okl.1985). The trial court must rule on the record which the parties actually presented, and not on a record which was potentially possible. *Webb v. Dayton Tire and Rubber Co.*, 697 P.2d 519 (Okl.1985). Summary judgment is proper when the record before the trial court presents no genuine issue of material fact, and one party is entitled to judgment as a matter of law. *Weldon v. Seminole Municipal Hospital*, 709 P.2d 1058 (Okl.1985).

The record before the trial court showed Graham to be the beneficiary of the policy. Nicolle did not refute that showing. The trial court properly entered judgment for Graham.

AFFIRMED.

ADAMS, P.J., and JONES, J., concur.