2005 OK CIV APP 38

**Roy L. McELMURRY, and Barbara McElmurry, Plaintiffs/Appellees,**

v.

**Kathryn Lynn GARBOW, Defendant,**

**and**

**Atlanta Casualty Company, Garnishee/Appellant.**

**No. 100,138.**

Court of Civil Appeals of Oklahoma, Division No. 2.

May 10, 2005.

Michelle Bauer Folks, Baker & Associates Tulsa, OK, for Plaintiffs/Appellees.

Debra A. Charles, Chubbuck, Smith, Rhodes, Stewart & Elder Oklahoma City, OK, for Garnishee/Appellant.

Opinion on Rehearing by JOHN F. REIF, Presiding Judge:

¶ 1 Atlanta Casualty Company appeals from a garnishment order entered against it and in favor of Plaintiffs, Roy L. and Barbara McElmurry. This garnishment arises from a judgment obtained by Plaintiffs against Defendant, Kathryn Lynn Garbow, for damages in an automobile accident. The issue on appeal is whether the liability policy issued by Atlanta Casualty to Defendant must be deemed for reasons of public policy to cover Plaintiffs' judgment even though Defendant was an excluded driver under the policy. We conclude that, under the facts presented, the public policy of Oklahoma will not allow the insurance carrier to avoid liability to an innocent third party. For that reason, we affirm the trial court's decision and remand for a hearing on the amount of appeal-related attorney fees.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 On April 20, 1999, Defendant negligently drove her truck into Plaintiffs' home, causing damages of $10,586.43. Plaintiffs obtained a judgment against Defendant in that amount, as well as an award of costs of $580.90 and attorney fees of $9,000. Plaintiffs then filed a garnishment action against Atlanta Casualty, Defendant's insurer, for the total amount of the judgment.

¶ 3 Atlanta Casualty denied coverage, asserting that, although Defendant was the only named insured on the policy, she was also excluded from coverage. Plaintiffs contended that the exclusion was void as a violation of Oklahoma's public policy. Both par-

ties filed motions for summary judgment. The trial court granted summary judgment in Plaintiffs' favor. Atlanta Casualty appeals. .

## STANDARD OF REVIEW

¶ 4 We are presented with a question of law, which we review *de novo*. *Hartline v. Hartline*, 2001 OK 15, ¶ 5, 39 P.3d 765, 767. "In a *de novo* appellate review the court exercises its judgment independently and without deference to the findings of fact or to the legal rulings made below." *Stidham v. Special Indemnity Fund*, 2000 OK 33, n. 17, 10 P.3d 880, 885 (citations omitted).

## DISCUSSION

■ ¶ 5 The policy issued by Atlanta Casualty to Defendant ostensibly provided liability, medical, collision, comprehensive, and uninsured motorist coverage. However, even though Defendant was the only named insured on the policy, she was also named as an excluded driver. At the time of the policy's issuance, no other driver was named in the policy. For this coverage, Defendant was charged a 6–month premium of $1,475 for two vehicles. When she later dropped the second car, her 6–month premium rose to $1,624. Later, Defendant added a named permissive driver so that, at the time Defendant drove her truck into Plaintiffs' home, the truck would have been covered by liability insurance if Defendant's named permissive driver had been driving instead.

■ ¶ 6 Oklahoma's compulsory insurance law is found in sections 7–600 through 7–609 of the Financial Responsibility Act. 47 O.S. 2001 & Supp.2004 §§ 7–101 through 7–700. Section 7–601(C) requires that "no motor vehicle shall be operated in this state unless there is in effect with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle." *See also Hartline*, 2001 OK 15, ¶ 14, 39 P.3d at 771. Although the precise issue presented here has not been considered by the Oklahoma appellate courts before now, the case

law evinces an expanding understanding of the public policy demonstrated in the Act.

The principal purpose of the Act is to protect the public from the financial hardship which may result from the use of automobiles by financially irresponsible persons. This clearly articulated public policy of our compulsory liability insurance law plainly overrides contrary private agreements that restrict coverage whenever the contractual strictures do not square with the purpose of the Act.

*Harkrider v. Posey*, 2000 OK 94, ¶ 15, 24 P.3d 821, 829 (emphasis omitted) (footnotes omitted); *see also Nation v. State Farm Ins. Co.*, 1994 OK 54, ¶ 15, 880 P.2d 877, 886 (per curiam) (Opala, J., concurring in judgment, with Watt, J., joining).

¶ 7 Named-driver exclusions have been approved by the Oklahoma Supreme Court in the past. *Pierce v. Okla. Prop. & Cas. Ins. Co.*, 1995 OK 78, 901 P.2d 819. However, in *Pierce*, the named driver who was excluded from coverage was not the policy holder. He was also not the only named driver at the time of the policy's issuance, as the policy was purchased by his wife. *Pierce*, therefore, is distinguishable from the circumstances in this matter, where the only person named on the policy was also excluded from coverage.

■ ¶ 8 Moreover, in the years since *Pierce*, the Oklahoma Supreme Court has been increasingly willing to declare exclusions invalid when their application would deny coverage to innocent third parties. For example, in *Hartline*, 2001 OK 15, 39 P.3d 765, the Court invalidated an exclusion that would have denied all coverage to a named insured when she was injured while riding as a passenger in the insured vehicle. The Court declared the exclusion invalid because the insured's husband, who had purchased the policy, had also rejected uninsured motorist coverage, *leaving her without any coverage. Id.* at ¶ 20, 39 P.3d at 772–73. The Court held that the state's policy is overriding:

Even in the absence of a violation of a law's express provision, an exclusion may nonetheless be invalid for nonconformity to

the *policy of the law.* The principal purpose of law-mandated liability insurance is the protection of the public from the financial hardship which may result from the use of automobiles by financially irresponsible persons. To effectuate this policy, *any vehicle operating on the roads of this state* must be secured against liability to innocent victims in the event harm occurs from its negligent operation. This clearly articulated public policy overrides contrary private agreements that restrict coverage where the contractual strictures do not comport with the purpose of the Act.

*Id.* at ¶16, 39 P.3d at 771–72 (underlined emphasis added) (footnotes omitted).

 ¶9 We hold that, under the circumstances presented here, the policy's named-driver exclusion violates public policy to the extent that it denies liability coverage to innocent third parties. "Oklahoma jurisprudence teaches that clauses in insurance policies which leave an innocent third-party victim of the insured's negligence *without any insurance* protection are void as contrary to statutorily articulated public policy." *Id.* at ¶22, 39 P.3d at 773. The trial court correctly granted Plaintiffs' motion for summary judgment in their garnishment action against Atlanta Casualty.

¶10 Finally, Plaintiffs have requested an award of appellate attorney fees as the prevailing party in a garnishment action. Title 12 O.S. Supp.2004 § 1190(B) authorizes an award of attorney fees to the prevailing party in a trial of a garnishment action. "Whenever there is statutory authority to award attorney fees in the trial of a matter, additional fees may be allowed (to the prevailing party) for legal services rendered in the appellate court." *Sisney v. Smalley,* 1984 OK 70, ¶20, 690 P.2d 1048, 1051; *see also Okla. Turnpike Auth. v. Garner,* 1993 OK 137, ¶13, 863 P.2d 1208, 1210. We grant Plaintiffs' request for appeal-related attorney fees and remand to the trial court for a hearing in accordance with *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, ¶¶8–11, 598 P.2d 659, 660–62, to determine the amount of the award.

¶11 AFFIRMED AND REMANDED ON REHEARING.

STUBBLEFIELD, J., concurs, and RAPP, V.C.J., concurs specially.

RAPP, V.C.J., specially concurring:

¶1 I specially concur and note that to allow Atlanta Casualty to exclude Plaintiffs from coverage would also violate the spirit and legislative intent of 47 O.S. Supp.2003 § 7–324(b)(2), (b)(3), and (d).