2006 OK CIV APP 65

**ALTERNATIVE MEDICINE OF TULSA, INC., Plaintiff,**

v.

**Maranda CATES, Defendant/Third–Party Plaintiff/Appellant,**

v.

**Progressive Preferred Insurance Company, Third–Party Defendant/Appellee.**

**No. 102,178.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 13, 2006.

Rehearing Denied Feb. 10, 2006.

Certiorari Denied May 15, 2006.

Robert L. Magrini, Alan W. Bardell, Hayes Magrini & Gatewood, and David H. Cole, Edmonds Cole Hargrave Givens Ryan & Woodson, Oklahoma City, OK, Guy W. "Todd" Tucker, Jr., The Tucker Law Firm, P.C., Tulsa, OK, for Defendant/Third–Party Plaintiff/Appellant.

Robert Latham, Roni S. Rierson, Latham Stall Wagner Steele & Lehman, P.C., Tulsa, OK, for Third–Party Defendant/Appellee.

Opinion by ROBERT DICK BELL, Presiding Judge.

¶ 1 Defendant/Third–Party Plaintiff/Appellant Maranda Cates and her children were passengers in a 2003 Ford 250 pick-up truck owned and insured by Linda Hale. The truck was hit by an uninsured and intoxicated motorist. At the time of the accident, Chris Hale, the son Linda Hale, was driving the truck. Chris Hale was listed as a household resident, but was specifically excluded as a driver under insurance policy No. 36198894–5 issued by Third–Party Defendant/Appellee Progressive Preferred Insurance Company (Progressive).

¶ 2 Appellant and her children sustained bodily injury in the accident and sought medical treatment from Alternative Medicine of Tulsa, Inc. ("AMT"). Appellant notified Progressive of her claim for UM benefits for medical expenses associated with these injuries. Progressive denied coverage. AMT sued Appellant in small claims court to recover the costs of the medical treatment. Appellant filed a third-party petition against Progressive for breach of contract and for bad faith refusal to pay UM benefits. The case was transferred to the district court. Thereafter, the trial court sustained Progressive's motion for summary judgment on the basis that no genuine issue of fact existed to support Appellant's claim for UM benefits. Appellant appealed. This matter stands submitted for accelerated appellate review on the trial court record under Rule 13(h), *Rules for District Courts*, 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S. Supp.2003, Ch. 15, App.

¶ 3 Appellant claims the trial court erred in determining UM benefits were unavailable to her under the named-driver exclusion in Progressive's insurance policy as a matter of law. The instant appeal presents a question of law. We review questions of law *de novo. Hartline v. Hartline,* 2001 OK 15, ¶ 5, 39 P.3d 765, 767. In reexamining the trial court's legal rulings, this Court exercises plenary, independent and nondeferential authority. *Id.*

¶ 4 Appellant urges the named-driver exclusion is void as contrary to public policy

because it excludes UM benefits for innocent passengers. Appellant's contentions have merit. In *Hartline*, the Court invalidated an exclusion that denied UM coverage to an insured who was injured while riding as a passenger in an insured vehicle. The exclusion was declared invalid because the purchaser of the policy, the passenger's husband, had rejected UM coverage leaving his spouse without any coverage. The court explained:

> Even in the absence of a violation of a law's express provision, an exclusion may nonetheless be invalid for nonconformity to the *policy of the law*. The principal purpose of law-mandated liability insurance is the protection of the public from the financial hardship which may result from the use of automobiles by financially irresponsible persons. To effectuate this policy, *any vehicle operating on the roads of this state* must be secured against liability to innocent victims in the event harm occurs from its negligent operation. This clearly articulated public policy overrides contrary private agreements that restrict coverage where the contractual strictures do not comport with the purpose of the Act.

*Hartline* at ¶ 16, 39 P.3d at 771–72 (footnotes omitted)(emphasis in original).

■ ¶ 5 We recognize the Oklahoma Supreme Court has upheld named-driver exclusions. *Pierce v. Oklahoma Property & Cas. Ins. Co.*, 1995 OK 78, ¶ 15, 901 P.2d 819, 823. However, "Oklahoma jurisprudence teaches that clauses in insurance policies which leave an innocent third-party victim of the insured's negligence without any insurance protection are void as contrary to statutorily articulated public policy." *Hartline* at ¶ 22, 39 P.3d at 773. Because the named-driver exclusion under the facts of this case resulted in the denial of UM coverage to innocent third-party passengers, we find the exclusion is void and contrary to public policy. Accordingly, the trial court's summary judgment precluding Appellant's claim against Progressive for UM benefits under the named-driver exclusion is reversed and this matter is remanded for trial.

¶ 6 REVERSED AND REMANDED.

JOPLIN, J., concurs.

CAROL M. HANSEN, J., concurring specially:

I concur with the majority opinion based on the reasoning found in *McElmurry v. Garbow*, 2005 OK CIV APP 38, 116 P.3d 198.