2007 OK CIV APP 91

**Patty DeLEON, now Loman, Plaintiff/Appellant,**

v.

**Judy AVERY, Defendant/Appellee,**

and,

**Farmers New World Life Insurance Company, a foreign corporation incorporated in California, Defendant.**

No. 103,031.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 1, 2007.

Certiorari Denied July 2, 2007.

Paul E. Sutton, Shawnee, Oklahoma, for Plaintiff/Appellant.

Benjamin McCullar, Shawnee, Oklahoma, for Defendant/Appellee, Avery.

CAROL M. HANSEN, Presiding Judge.

¶ 1 In this action for declaratory judgment, Appellant, Patty Loman (Loman),[1] appeals from the trial court's judgment in favor of Appellee, Judy Avery (Avery). We hold the trial court correctly found Loman's *Petition for Declaratory Judgment* should be denied and affirm.

¶ 2 While the present action is one for declaratory judgment, the operative facts here arise from a divorce action between Loman and Willie DeLeon (DeLeon), who were married on September 22, 1989. The trial court took judicial notice of that prior action and its record has been made part of the appellate record in this matter. The central issue is whether DeLeon's change of beneficiary on a life insurance policy during pendency of the marriage dissolution action should be held void because he acted in violation of statute and court order.

¶ 3 On July 13, 1999, DeLeon purchased a $100,000.00 insurance policy (the Policy) on his life from defendant, Farmers New World Life Insurance Company (Farmers).[2] Loman was named beneficiary and DeLeon was the Policy owner. The Policy allowed the beneficiary designation to be changed by the owner at any time before DeLeon's death.

¶ 4 Loman filed a *Petition for Dissolution of Marriage* on November 21, 2003, along with an *Application for Temporary Orders.* DeLeon was served with copies of the Petition and Application, and an *Automatic Temporary Injunction* (ATI) issued pursuant to 43 O.S.2001 § 110.[3] As specifically provided in § 110, the ATI enjoined both parties, *inter alia,* from "[c]hanging or in any manner altering the beneficiary designation on any life insurance policies of either party or their child(ren)." Loman's *Petition* did not ask that she be made an irrevocable beneficiary of the policy, nor ask for any other relief in regard to the life policy.

¶ 5 On December 16, 2003, the trial court, pursuant to Loman's Application, issued its *Order* awarding temporary possession of certain property, ordering payment of designated debts by the parties, and restraining the parties from certain named activities. This order did not make reference to the ATI, nor expressly refer to the Policy or change of beneficiaries, but did provide:

> That both parties are restrained from transferring, encumbering, concealing, or otherwise disposing of any property except in the usual course of business or for the necessities of life, . . .

¶ 6 On May 21, 2004, DeLeon designated Avery, his sister, as beneficiary of the life

---

1. Formerly known as Patty DeLeon at the time this action was filed and all times relevant.

2. Farmers did not file an answer or response to Loman's Petition. The record indicates Farmers agreed to pay the life policy proceeds to whomever prevails in this action.

3. As relevant here, § 110(A)(1) provides, ". . . upon the filing of a petition for dissolution of marriage, . . ., and upon personal service of the petition and summons on the respondent, . . ., an

automatic temporary injunction shall be in effect against both parties pursuant to the provisions of this section." Section 110(A) further provides the ATI "shall become an order of the court upon fulfillment of the requirements of paragraph 1 . . . unless and until" [1] it is waived by both parties, or [2] a judge orders the injunction removed after hearing upon objection by a party within 3 days of service, or [3] "granting of the dissolution of marriage, final order of legal separation or other final order."

policy rather than Loman. DeLeon died on November 8, 2004, while the action for dissolution of marriage was still pending. The court in the dissolution action entered its order on October 6, 2005, finding the action abated upon DeLeon's death prior to decree and dismissed the action. Upon making a claim and determining Farmers was processing a claim under DeLeon's life policy for someone else, who she believed to be Avery, Loman brought this action claiming "a prior right to the proceeds of said policy" because "any change in beneficiary was prohibited by statute and Court Order."

¶ 7 After trial without jury, the trial court denied Loman's *Petition* and ordered Farmers to pay the proceeds of DeLeon's life policy to Avery. More specifically, the trial court, in an order containing a number of findings of fact and conclusions of law, found there was "no specific prohibition to restrain DeLeon's actions" and "no effect on the marital estate." Loman filed her appeal from this order.

¶ 8 Loman contends the trial court erred, as a matter of law, in its findings on several issues. We review alleged errors of law *de novo*. *Alternative Medicine of Tulsa, Inc. v. Cates*, 2006 OK CIV APP 65, 136 P.3d 716. That is, in considering the trial court's legal rulings, we exercise plenary, independent and nondeferential authority. *Id.* at 717. "To invoke the jurisdiction of the court under the declaratory judgments act there must be an *actual existing justiciable controversy* between parties having opposing interests, which interests must be direct and substantial, and involve an actual, as distinguished from a possible, potential or contingent dispute." *Easterwood v. Choctaw County Dist. Attorney*, 2002 OK CIV APP 41, 45 P.3d 436, quoting *Gordon v. Followell*, 1964 OK 74, 391 P.2d 242. (Emphasis in original.)

¶ 9 While we affirm the trial court's ultimate determination, we do not find its reasoning to be accurate in all respects. The trial court found it "undisputed" the ATI was "amended" by the dissolution court's subsequent "temporary" order. The conclusion is not supported by either the content of the order or § 110. Subsections 110(A)(3) & (4) provide the ATI will remain an order of the

court until [1] it is waived by the parties, or [2] the court orders the injunction removed after objection to it by one of the parties and a hearing by the court, or [3] it is dissolved upon granting of dissolution of marriage or other final order. None of these actions was present in the dissolution case.

¶ 10 Further, § 110(A)(5) provides that "[n]othing in this subsection shall preclude either party from applying to the court for *further* temporary orders, pursuant to this section, an expended [ATI], or modification or revocation thereto." (Emphasis added.) Here, Loman applied for such "further" temporary order at the time she filed her petition for dissolution. The temporary order involved the court's interim determinations regarding property and debts, a purpose different than the statutory injunctive mandates contained in the ATI. Loman did not ask that the ATI be modified or revoked, and the trial court did not do so. It remained in effect at the time DeLeon executed the change in beneficiary to name Avery.

¶ 11 Notwithstanding the foregoing, Loman has not established she is entitled to the proceeds of DeLeon's life insurance policy. She contends the trial court erred in ruling she had no vested interest in the cash value of that policy. Although there is some factual controversy regarding whether the policy had any cash value when the change of beneficiary was executed, we need not decide that question. Even presuming the policy did have cash value in which Loman had a vested interest, and that it was marital property over which the dissolution court had jurisdiction, the change of beneficiary would not have changed those circumstances. The change of beneficiary would not change the ownership of the policy. There is no evidence that DeLeon transferred ownership and as owner he would have been entitled to the policy's cash value. Any cash value remained marital property.

¶ 12 On the other hand, Loman, as beneficiary, had no vested interest in the *proceeds* of the life policy until DeLeon's death. *Graham v. Farmers New World Life Ins. Co.*, 1992 OK CIV APP 133, 841 P.2d 1165. It follows that proceeds of an insur-

ance policy, payable at death, cannot be divided in a dissolution decree because the parties must be alive to be divorced. *Graham*, 841 P.2d at 1167; *Whitmire v. Whitmire*, 2003 OK CIV APP 87, 78 P.3d 556 (When one of the parties to a divorce dies during the proceedings, the trial court loses jurisdiction and the action abates.)

¶ 13 While the dissolution court would have had authority to order DeLeon to maintain Loman as beneficiary as part of those proceedings, it is pure speculation that it would have done so. That never became an issue. Loman made no request regarding making her irrevocable beneficiary and the dissolution action abated on DeLeon's death.

■ ¶ 14 Once again, even presuming DeLeon violated the ATI by changing beneficiaries, Loman has not demonstrated she suffered such prejudice to any existing right as would entitle her to the relief she requested. Under the circumstances, any violation of the ATI by DeLeon in changing beneficiaries was harmless. As owner, DeLeon had the contractual right under the policy to change beneficiaries. He named Avery, and in the absence of any legal impropriety, she is entitled to the proceeds of DeLeon's life policy. The trial court correctly determined she was so entitled and ordered Farmers to pay her the proceeds.

¶ 15 While the trial court's reasoning was, in part, inaccurate, its judgment was correct and is AFFIRMED.

BELL, J., concurs.

BUETTNER, J., specially concurring:

The trial court denied Loman's quest for life insurance proceeds in a well reasoned opinion. We might disagree that the effect of the December 4, 2003 order was to replace or modify the Automatic Temporary Injunction, as contemplated by 43 O.S.2001 § (A)(3) and (5). However, the trial court held that even if changing beneficiaries was specifically prohibited, the only method for determining a penalty for such a violation would have been a citation for contempt filed prior to DeLeon's death, and a retention of jurisdiction by the trial court in accordance with 43 O.S.2001 § 110(c).

I agree that under the facts of this case, Loman has failed to show that the change of beneficiary was void or voidable, and therefore she was not entitled to the relief requested.