DA 12-0031

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 195

ANTHONY F. VARANO,

      Plaintiff and Appellee,

  v.

MICHEAL HICKS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 11-280
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Micheal Hicks (Self-Represented), Eureka, Montana

      For Appellee:

          (No Appellee Brief filed.)

Submitted on Briefs:  June 27, 2012

Decided:  September 5, 2012

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Micheal Hicks appeals the Nineteenth Judicial District Court's order awarding damages in the amount of $616.33 plus costs to Anthony Varano. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     The dispute between Varano and Hicks arose following a snowmobiling trip in Lincoln County. Varano allowed Hicks to borrow his snowmobile. The parties dispute the events that occurred during their outing.

¶3     On March 29, 2011, Varano filed a complaint in Lincoln County Justice Court alleging that Hicks caused $2,681.58 in damage to his snowmobile. A bench trial was held on October 26, 2011. The Justice Court determined that Hicks agreed to pay Varano for the gasoline and oil he used. Since the snowmobile trip took place more than two years prior to the case being heard, and the only evidence of the alleged damage was an estimate for repairs dated a year after the incident in question, the Justice Court declined to award any sum to compensate Varano for damages to the snowmobile. The Justice Court awarded Varano the gasoline and oil costs and his court costs. Varano appealed the Justice Court's decision.

¶4     The Nineteenth Judicial District Court held a bench trial on December 28, 2011. Both parties represented themselves at trial. Both parties testified and were questioned by the judge. Varano testified that when Hicks borrowed his snowmobile, Hicks agreed to fix any damage he caused while using it. Varano further testified that Hicks drove the snowmobile off the road and hit a tree. Following the accident, Varano requested $500 to cover the damages. According to Varano, Hicks agreed to pay the $500, but then left

2

town and avoided payment. Hicks testified that he only agreed to pay Varano $25 to cover gasoline, but Varano demanded more and more money when no payment was made. Hicks eventually took out a restraining order to prevent Varano from approaching him and demanding payment.

¶5 On January 4, 2012, the District Court entered its Findings of Fact, Conclusions of Law, and Order. The District Court determined that Varano had loaned his snowmobile to Hicks on the condition that Hicks would pay for the cost of gasoline and would be responsible for any potential costs of repair. The District Court found that Hicks damaged the snowmobile by running it off an embankment. The District Court concluded that after agreeing to the sum of $500 for the repairs, Hicks failed to pay the agreed-upon amount and had not paid for gasoline or oil. Neither party presented testimony by a qualified mechanic that would have allowed the District Court to determine the amount of damages or the cause of the damages. Based on its findings, the District Court ordered Hicks to pay the $500 pursuant to the oral contract, $116.33 as the reasonable cost of gasoline and oil consumed during the outing, and the costs of the lawsuit. Hicks appeals.

## ISSUE

¶6 A restatement of the issue on appeal is whether the District Court's decision on the judgment amount and the existence of an enforceable contract between the parties was based on sufficient evidence.

## STANDARD OF REVIEW

¶7     We review the findings of fact of a trial court sitting without a jury to determine if the court's findings are clearly erroneous. *Olsen v. Milner*, 2012 MT 88, ¶ 16, 364 Mont. 523, 276 P.3d 934. A factual finding is clearly erroneous if it is not supported by substantial evidence, if the trier of fact misapprehended the effect of the evidence, or if a review of the record leaves the reviewing court with the definite and firm conviction that a mistake has been made. *Micone v. Dep't of Pub. HHS*, 2011 MT 178, ¶ 10, 361 Mont. 258, 258 P.3d 403. We review the evidence in the light most favorable to the prevailing party when determining whether substantial credible evidence supports the district court's findings. *Eldredge v. Asarco Inc.*, 2011 MT 80, ¶ 30, 360 Mont. 112, 252 P.3d 182. We review for correctness a district court's conclusions of law. *Id.*

## DISCUSSION

¶8     This matter comes before us solely on the brief of Appellant Hicks. Hicks asserts on appeal that Varano presented insufficient evidence to support the District Court's findings and judgment. Hicks further argues that the District Court's findings are not supported by the trial testimony. Specifically, he denies the existence of an enforceable agreement between the parties and contends that the judgment amount is unsubstantiated.

¶9     Reviewing the record in this case and considering the evidence in the light most favorable to the prevailing party, we conclude that the District Court properly considered the conflicting testimony of the parties and acted within its province in finding the testimony of Varano more credible. It is manifest on the record that the District Court's findings of fact are not clearly erroneous nor are its conclusions based on those findings incorrect. Hicks admitted to driving the snowmobile off an embankment, and the

4

testimony of Varano established the existence of the contract to settle the resulting damages for $500. The judgment amount was reasonably supported by the testimony. We will not disturb on appeal a district court's determination of witness credibility as this determination rests exclusively within the province of the finder of fact. *Hendricks v. State*, 2006 MT 22, ¶ 16, 331 Mont. 47, 128 P.3d 1017.

¶10 The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶11 We affirm the judgment of the District Court.


/S/ PATRICIA COTTER


We concur:


/S/ MIKE McGRATH
/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS