DA 12-0473

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 178N

THE ESTATE OF VICTOR N.
BJORNRUD, Deceased,

      Plaintiff and Appellant,

    v.

WANITA COSTELLO, STELLA SHARP,
SUE VAN BEMMEL, ERVIN OSLER, MIKE OSLER,
LOREN OSLER, DENNIS OSLER, VIRGINIA OSLER PAYNE,
ROY BJORNRUD, ALBERT BJORNRUD AND DORTHY
BJORNRUD BATES, BEING THE LIVING HEIRS OF
EMANUEL AND CARRIE BJORNRUD,

      Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause No. DV 00-635B Honorable Katherine R. Curtis, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Richard De Jana, Richard De Jana & Associates, PLLC, Kalispell, MT

      For Appellees:

          Thomas T. Tornow, Thomas T. Tornow, P.C., Whitefish, MT

          Submitted on Briefs:  May 29, 2013

                   Decided:  July 2, 2013

Filed:

                          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      This case arises from a dispute over the interests in a parcel of real property that is titled to Emanuel Bjornrud. Emanuel died intestate in 1927, survived by his wife Carrie and four children. Carrie died intestate in 1948. Victor Bjornrud was one of the children of Emanuel and Carrie. He continued to live on the property after his mother's death and farmed the property until his death in 1999. In 2000 Victor's Estate brought this proceeding to quiet title to the real property, against the "known successors in interest to Emanuel and Carrie Bjornrud." The Estate claimed that Victor acquired sole title to the property through adverse possession, and that the interests of all claimants had been released.

¶3      The District Court determined that upon Emanuel's death in 1927 the property passed by intestate succession, one-third to his wife Carrie and two-thirds equally to their four children. Those interests continued to pass either by release or by intestate succession in the intervening years. The District Court found that a 1958 release conveyed to Victor the interests of all heirs to the property, except for the interest of Wanita. That determination has not been appealed.

¶4      The District Court held two days of trial without a jury, ruled on motions for summary judgment, and received briefs and proposed findings from the parties. The District Court issued Findings of Fact, Conclusions of Law and Order in May 2012, rejecting the claim of

2

Victor's Estate that he owned the property outright based upon adverse possession. The District Court then divided the interests in the property into 72nds, distributing 14.665/72 collectively to the appellees in this case, representing their intestate share that passed from Emanuel. While the lion's share of the property was awarded to Victor, the Estate nevertheless appeals.

¶5 The Estate contends that the District Court erred in denying summary judgment to the Estate; erred in allowing the defendants to adopt a different position during summary judgment proceedings from that taken in their initial pleadings; erred in refusing to allow Stella to explain why the 1958 release was signed; and erred in "selectively" considering the evidence. Upon review of the record and the arguments of the parties, it is clear that the District Court did not err in its Findings of Fact, Conclusions of Law and Order. The District Court considered the evidence and arguments of the parties, carefully tracing the ownership interests of the many heirs since Emanuel's death in 1927. We further conclude that the District Court properly applied the applicable law as it existed at the time of the deaths of Emanuel and Carrie and that it did not improperly limit the testimony of Stella Sharp.

¶6 This Court does not disturb the factual findings of the district court unless they are clearly erroneous. *Varano v. Hicks*, 2012 MT 195, ¶ 7, 336 Mont. 171, 285 P.3d 592. A district court possesses broad discretion when it determines the admissibility of evidence. *McEwen v. MCR*, 2012 MT 319, ¶ 16, 368 Mont. 38, 291 P.3d 1253. The District Court's findings were not clearly erroneous and it did not abuse its discretion in admitting or evaluating the evidence. The District Court properly concluded that Victor had not

established adverse title to the property. *Y A Bar Livestock Co. v. Harkness*, 269 Mont. 239, 887 P.2d 1211 (1994).

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶8    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE