OPINION OF THE COURT
Paul I. Marx, J.
It is ordered that the motion is denied for the reasons which follow.
Background
The parties were married on August 7, 1999 in Yonkers, New York. There are two children of the marriage, K. and R. On September 12, 2012, plaintiff commenced this action to dissolve the marriage.
On March 5, 2013, the parties appeared for a preliminary scheduling conference before a court attorney-referee, at which time they executed a stipulation with respect to the grounds for divorce, which was subsequently “so ordered” by Hon. Charles D. Wood, JSC. (Preliminary conference stipulation/order with respect to grounds for divorce, dated Mar. 5, 2013 [stipulation/ order on grounds].) The stipulation/order on grounds provided that the parties agreed to proceed to obtain an uncontested divorce on the grounds of irretrievable breakdown of their relationship pursuant to Domestic Relations Law § 170 (7). The stipulation/order on grounds also provided that the parties agreed “to submit papers to obtain an uncontested default divorce at trial or, after the filing of a fully executed Stipulation of Settlement resolving all issues in this matrimonial action, to submit papers for an uncontested default divorce or for a conversion divorce.” (Stipulation/order on grounds.)
A second preliminary conference stipulation/order of the same date provided for appointment of an attorney for the children and stated that the issues of child support, equitable distribution and counsel fees were unresolved (preliminary conference stipulation/order contested matrimonial, dated Mar. 5, 2013, Hon. Charles D. Wood, JSC). That stipulation/order also set forth a discovery schedule which required the completion of discovery and a note of issue to be filed by October 2013 and set the matter for a compliance conference before the court attorney-referee on May 15, 2013.
On April 22, 2013, plaintiff died. Her death was later determined to have been suicide caused by “Acute Mixed Drug Intoxication.” (Death certificate, exhibit C to order to show cause.)
During the administration of plaintiffs estate, it was learned that on February 14, 2013, plaintiff changed the named *333 beneficiaries on her ING 403 (b) account from defendant as her sole beneficiary to the parties’ two children as 50% primary beneficiaries and her cousin E.S. as the sole contingent beneficiary.[1] It was further discovered that on or about March 10, 2013, plaintiff changed her designation of defendant as the sole named beneficiary on her Prudential life insurance policy to defendant as a 1% primary beneficiary, the parties’ daughter K. as a 49% beneficiary and daughter R. as a 50% beneficiary and E.S. as 100% contingent beneficiary. These changes were made during the pendency of the divorce action.
Defense counsel submitted a letter to the undersigned in January 2014[2] with a proposed order granting the same relief sought in the instant motion. Counsel also submitted the supporting affirmation of the attorney for plaintiffs estate, Nussair P Habboush, Esq., declaring that the estate consented to the proposed order. Defense counsel requested that the court execute the proposed order or, in the alternative, schedule a conference to address the matter. The court declined to sign the proposed order. Instead, the court scheduled a conference for February 20, 2014. At the conference, the court directed defense counsel to move by order to show cause, with service upon the estate and the attorney for the children, and set a briefing schedule. No papers were submitted in response to the motion.
Discussion
Defendant acknowledges that a divorce action generally abates upon the death of a party. He contends, however, that the court continues to have jurisdiction over this action because the parties stipulated to grounds prior to plaintiffs death and the entry of a judgment of divorce was therefore nothing more than a ministerial act. Defendant also argues that the action did not abate because plaintiff’s death was a deliberate and intentional act. He does not seek entry of a judgment of divorce. Instead, he seeks redress on an ancillary issue regarding plaintiffs assets.
Defendant contends that plaintiffs changes to her beneficiary designations violated the terms of the “automatic orders” provided under Domestic Relations Law § 236 (B) (2) (b), which were binding on plaintiff “upon the filing of the summons, or summons and complaint.” He asserts that the court has the *334 authority to enforce its “automatic orders” by directing that the named beneficiaries on plaintiffs ING account and Prudential life insurance policy revert back to the date of the commencement of the action. He also asks the court to order ING and Prudential to pay out the balance in plaintiffs annuity and the “death benefit” under her life insurance policy to the named beneficiaries that existed before the changes were made.[3]
Although no opposition to the motion has been filed, this court must satisfy itself that the relief sought in the motion is warranted by the law or a good faith extension of the law. It is here that the application fails.
The general rule is that a divorce action abates upon the death of either party to the action, because the marriage relation ceases to exist upon the death of either party. However, in Cornell v Cornell (7 NY2d 164, 169 [1959]), the Court of Appeals carved out an exception when it held that the action did not abate for purposes of entering a judgment of divorce nunc pro tunc, where a final adjudication was made during the parties’ lifetimes and a judgment could have been entered. The Court of Appeals determined that “all that remained was the mere ministerial act of entering the final judgment to conform to the adjudication of the substantive rights of the parties which had already been made and was expressed in the decision of the court and the interlocutory judgment that were already on record.” (Id. at 170.) Consequently, the court retained jurisdiction to enter the judgment nunc pro tunc.
This narrow exception to the general rule was expanded in Peterson v Goldberg (180 AD2d 260 [2d Dept 1992], lv dismissed 81 NY2d 835 [1993]) to permit the court to determine ancillary issues, such as equitable distribution, where a foreign judgment of divorce was obtained subsequent to the filing of the action. The Appellate Division held that the claim of a deceased party’s estate to equitable distribution of marital assets survived her death where her spouse had obtained a foreign judgment of divorce prior to her death. Decedent’s spouse moved to dismiss the decedent’s divorce action following her death and the trial court granted the motion as to the divorce cause of action and converted the action to an action for equitable distribution. The Appellate Division upheld that decision on the ground that while the cause of action for divorce, which is personal to a party, *335 abated upon the decedent’s death, the decedent’s right to equitable distribution survived because that right vested upon entry of the foreign judgment of divorce. The Appellate Division likened the decedent’s estate’s equitable distribution claim to the distribution of the assets of a conventional partnership following dissolution of the partnership.
Defendant argues for a greater expansion of the exception to find that the stipulation/order on grounds in this case constituted the granting of a divorce, which gives this court jurisdiction to address the ancillary issue concerning the decedent plaintiffs change of beneficiaries. He relies upon an unreported decision of the Supreme Court, Nassau County in AC v DR (NYLJ 1202618541795 [Sup Ct, Nassau County 2013], citing Peterson and Matter of Agliata, 222 AD2d 1025 [4th Dept 1995]) to support his contention that this action did not abate.
This court finds the decision in AC v DR inapposite. Unlike the case at hand, the court in AC v DR made an “adjudication of the substantive rights of the parties” at the outset of the trial when it granted the parties a judgment of divorce. (Cornell, 7 NY2d at 170.) After the court expedited the trial due to the husband’s diagnosis of advanced brain cancer and granted the judgment of divorce, it proceeded to trial on the economic issues. The parties concluded their case and the court set dates for submission of posttrial memoranda and a stipulation regarding custody and visitation. Before posttrial submissions were made, the husband committed suicide. The wife moved to substitute the executrix of the husband’s estate as a party, claiming that the action did not abate because a judgment of divorce was granted. The husband’s counsel cross-moved for dismissal of the action. The court held that the action did not abate because it had rendered a decision granting a divorce and there only remained the ministerial act of formally executing and entering the judgment.[4]
By contrast, the stipulation/order on grounds, although signed by the court and entered as an order, simply contained no *336 language that can be construed to grant the parties a divorce. Rather, it used precatory language: “The parties agree that plaintiff proceeds on an uncontested basis to obtain a divorce on the grounds of irretrievable breakdown” and “to submit papers to obtain an uncontested default divorce at trial or, after the filing of a fully executed Stipulation of Settlement resolving all issues in this matrimonial action, to submit papers for an uncontested default divorce or for a conversion divorce.” (Stipulation/order on grounds at 1 [emphasis added].) The only language in the stipulation/order on grounds that can even be ascribed to the court are the statements that “[t]he foregoing stipulation is approved and entered as an Order of the Court:” and “SO ORDERED:.” The clear intent of that language is to bind the parties as to the grounds upon which the divorce is to be granted. It cannot be construed, and this court does not construe it, to grant the parties a divorce.
Moreover, it is clear that at the time of plaintiffs death, the case was still in the pretrial phase. A separate stipulation/order of the same date as the stipulation/order on grounds set a discovery schedule and stated that the issues of child support, equitable distribution and counsel fees were unresolved. It also provided for appointment of an attorney for the children and scheduled a compliance conference before the court attorney-referee. Finally, it set a date several months later for filing a note of issue. Under all of these circumstances, it is apparent that much remained to be resolved in the case and that the entry of a judgment of divorce was far from being ministerial.
The law is well settled that when a party dies during the pretrial phase of the divorce action with no judicial determination dissolving or terminating the marriage, the court is divested of jurisdiction over the divorce cause of action and any ancillary issues. (Sperber v Schwartz, 139 AD2d 640 [2d Dept 1988]; Matter of Forgione, 237 AD2d 438 [2d Dept 1997].) A court may only address ancillary issues if there has been a final adjudication of dissolution of the marriage. (Peterson, 180 AD2d at 266.)
The court also rejects defendant’s argument that the manner of plaintiffs death can furnish a basis for jurisdiction. Neither AC v DR nor Sperber provide authority in support of that contention. In AC v DR, the court considered the husband’s suicide as a factor in determining whether his counsel could seek to defeat the wife’s equitable distribution claims. The issue of the court’s jurisdiction, however, rested on the court’s granting of a divorce on the record and not on the husband’s suicide. In *337 Sperber, where the surviving spouse was alleged to have murdered the decedent, the Appellate Division declined to decide whether the surviving spouse’s defense to the equitable distribution claim could be defeated by proof of the murder.
This court also cannot exercise jurisdiction to enforce the prior automatic orders entered in the case. Upon abatement of the action, pendente lite orders are subject to vacatur. (Forgione v Forgione, 231 AD2d 603, 604 [2d Dept 1996] [“the Supreme Court correctly determined that so much of the pendente lite order as directed the defendant, who died on November 3, 1994, to designate the plaintiff as the beneficiary of any life insurance policies should be vacated”].) Moreover,
“[e]ven if the decedent violated the pendente lite order issued in a divorce action by transferring the bank account and changing the beneficiaries on his IRA accounts, that does not provide a basis for returning those assets to the estate. When he died, the matrimonial action abated and the appellant cannot obtain equitable distribution of marital assets in this proceeding.” (.Matter of Alfieri, 203 AD2d 562, 562-563 [2d Dept 1994], citing Sperber.)
This court finds that the divorce action abated upon plaintiffs death because the action was clearly in the pretrial phase and no adjudication of divorce was rendered prior to her death. Accordingly, the court lacks jurisdiction to enforce the automatic orders and return the beneficiary designations to their status at commencement of the action. While it is regrettable that plaintiff violated the automatic orders and seems to have reached beyond the grave to thwart defendant’s efforts to recover his share of her assets, this court is unable to remedy the violation in this proceeding.

. Since the children survived their mother, the issue of contingent beneficiary is irrelevant.

. The date of counsel’s letter is incomplete: “January , 2014.” The Clerk’s Office stamp shows that the letter was received on January 23, 2014.

. Even if the court could order the reversion of the beneficiary designations, it would not be inclined to direct any payments in light of the pending administration of plaintiffs estate.

. Compare Flaherty v Lynch (292 AD2d 340 [2d Dept 2002]), wherein the Appellate Division held that a divorce action abated upon the death of the plaintiff, although the trial court granted a divorce based upon a stipulation of settlement on the record. The Appellate Division reasoned that the matter had not been finally adjudicated because the entry of judgment was conditioned upon the court confirming certain conditions of the settlement, including the establishment of a trust fund for the parties’ daughter. Because the conditions of the settlement had not been met while the plaintiff was alive and she was not then entitled to entry of a judgment of divorce, the court held that a judgment could not be entered nunc pro tunc subsequent to her death.