JUSTICE WHEAT
delivered the Opinion of the Court.
¶1 Mary Helen Corrigan appeals from the order of the Third Judicial District Court, Deer Lodge County, denying her motion for summary judgment and granting Rebecca Voyich’s motion for summary judgment. We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
¶2 The material facts in this case are undisputed.
¶3 Mary Helen Corrigan is the wife of the decedent, William Corrigan, and personal representative of his estate. Mary Helen and William have three adult children: Rebecca Voyich, Brian Corrigan, and Craig Puceinelli.
¶4 On February 12,2003, William opened a traditional IRA account with State Farm. William designated Mary Helen as the primary beneficiary of the IRA, with Rebecca, Brian, and Craig (the Adult Children) as secondary beneficiaries. On May 28,2008, William filed a Petition for Dissolution of Marriage in the Montuna Third Judicial District Court, Deer Lodge, Montana, naming Mary Helen as respondent. The court issued a Summons and Temporaiy Restraining Order (TRO) as required by § 40-4-121(3), MCA. The TRO stated that William and Maiy Helen were prohibited from:
cashing, borrowing against, cancelling, transferring, disposing of, or changing the beneficiaries of any insurance or other coverage, including life, health, automobile, and disability coverage held for the benefit of a party or child of a party for whom support may be ordered.
The TRO provided that it would remain in effect until amended or vacated by the court, and that either party could move the court to amend or vacate the TRO. However, despite the court’s issuance of the Summons and TRO, William never served either on Mary Helen and she never made an appearance in the matter. The marriage was never dissolved and the action was never dismissed by the District Court.
¶5 Almost four years later, on March 9,2012, William amended the terms of the IRA, removing Mary Helen as beneficiary and naming the Adult Children primary beneficiaries. William died on April 11,2012.
¶6 State Farm contacted the Adult Children about presenting claims as primary beneficiaries of the IRA. After learning that she was no longer the primary beneficiary, Mary Helen alerted State Farm that she would make an elective share claim on the IRA under § 72-2-221, *366 MCA. Litigation ensued and Mary Helen and the Adult Children filed cross-motions for summary judgment.[1] The question at issue was whether Mary Helen could make an elective share claim on the IRA. Resolution of that issue hinged on whether Mary Helen was the primary beneficiary of the account. Mary Helen argued that the TRO prohibited William from altering the beneficiary status of the IRA, and asked the District Court to void the beneficiary change and to reinstate her as primary beneficiary. The Adult Children countered that because the TRO was never served on Mary Helen it was invalid and did not prevent William from effecting a change of beneficiary. The District Court granted summary judgment to the Adult Children and Mary Helen appealed.
¶7 The parties present a single issue for review:

Did the District Court err by refusing to enforce the temporary restraining order and void the decedents change of beneficiary?

STANDARD OF REVIEW
¶8 We review a district court’s grant of summary judgment de novo. Estate of Hedrick v. Lamach, 2014 MT 118, ¶ 7,375 Mont. 74,324 P.3d 1202. We review a district court’s conclusions of law for correctness. Varano v. Hicks, 2012 MT 195, ¶ 7,366 Mont. 171,285 P.3d 592.
DISCUSSION
¶9 Did the District Court err by refusing to enforce the temporary restraining order and void the decedents change of beneficiary?
¶10 Dissolution of marriage in Montana is governed by Title 40, Chapter 4, MCA, Montana’s enacted version of the Uniform Marriage and Divorce Act of 1974 (UMDA). Except as otherwise provided, the Montana Rules of Civil Procedure apply to all proceedings under Title 40, Chapter 4, MCA. Section 40-4-103(1), MCA. Montana Rule of Civil Procedure 4(t)(1) requires a plaintiff to serve a defendant within three years of filing a complaint. If the plaintiff does not timely serve the defendant, the district court must dismiss the action without prejudice. M. R. Civ. P. 4(t)(1).
¶11 When a party files a petition for dissolution of marriage in Montana the Clerk of District Court must issue a summons with a TRO attached. The TRO:
*367 restraints] both parties from cashing, borrowing against, canceling, transferring, disposing of, or changing the beneficiaries of any insurance or other coverage, including life, health, automobile, and disability coverage held for the benefit of a party or a child of a party for whom support may be ordered.
Section 40-4-121(3)(b), MCA. “[A]ny insurance or other coverage” includes individual retirement accounts. Briese v. Mont. Pub. Emp. Ret. Bd., 2012 MT 192, ¶¶ 25-28, 366 Mont. 148, 285 P.3d 550. The TRO terminates upon order of the court or when the petition for dissolution of marriage is voluntarily dismissed. Section 40-4-121(9Xb), MCA. The purpose of the TRO is to “maintain the status quo with respect to all property of the parties.” Briese, ¶ 25. “This action mitigates the potential harm to spouses and chüdren caused by the dissolution process itself and ensures that reasonable provision is made for the spouse and children during the litigation.” Briese, ¶ 25. ¶12 In the District Court, Mary Helen challenged the legitimacy of William’s change of beneficiary. She argued that the TRO became effective when William filed for dissolution of marriage and, because it was never dismissed by the court, it prohibited William from changing the beneficiary designation on his IRA. Mary Helen further argued that our holding in Briese required the District Court to void William’s change of beneficiary and reinstate her as primary beneficiary of the IRA. The Adult Children countered that the District Court correctly refused to void the change of beneficiary because 1) when William changed beneficiaries the deadline for service of the TRO had passed and it would be inequitable to void the change, and 2) because Mary Helen was never served with the Summons or TRO there was no active dissolution upon which the TRO could attach. ¶13 Ruling on cross-motions for summary judgment the District Court acknowledged that William had failed to serve Maiy Helen with the TRO within the three-year service deadline under Rule 4(tXD, M. R. Civ. P. However, the court found that despite a statutory requirement that the case be dismissed after the service deadline passed, no dismissal was issued. The court therefore reasoned that the TRO remained in effect and that William violated the TRO when he changed beneficiaries on the IRA.
¶14 The court then addressed our decision in Briese. Based on our holding the court correctly noted that, in certain circumstances, it had the authority to void a change of beneficiary made in violation of a *368 divorce TRO if equity demanded it.[2] In this case, based on the lack of service and the expiration of the deadline for service, the court concluded that equity would not support voiding the change of beneficiary. Accordingly, the court granted summary judgment to the Adult Children.
¶15 We agree with the District Court’s refusal to void the change of beneficiary, however, we disagree with its reasoning for doing so. We may affirm a district court decision that is correct regardless of the district court's reasoning in reaching its decision. PacifiCorp v. State, 2011 MT 93, ¶ 54, 360 Mont. 259, 253 P.3d 847.
¶16 William filed for dissolution of marriage on May 28, 2008. Under Rule 4(tXl), M. R. Civ. P., he had until May 28,2011 to serve Mary Helen. The rule states that if service is not accomplished within the three years, “the court, upon motion or on its own initiative, must dismiss [the] action without prejudice.” Rule 4(tXl), M. R. Civ. P. (emphasis added). By the time William made his change of beneficiary on March 9, 2012, the deadline for service had expired. The District Court was required to dismiss the case and the TRO for failure to perfect service after May 28,2011. The District Court, however, failed to dismiss either. Nonetheless, we conclude that William’s failure to serve Mary Helen within the three year deadline rendered the TRO ineffective once that deadline had passed.[3]
*369 ¶17 Mary Helen argues that the District Court erred in refusing to void the beneficiary change based on our holding in Briese. Her reliance on Briese is misplaced.
¶18 Infiriese we considered the appropriate remedy for a violation of a financial TRO during a divorce proceeding. A deputy sheriff and his wife were in the midst of a dissolution of marriage, and both were prohibited from altering the disposition of their property by a TRO. Briese, ¶ 6. While the divorce proceeding was ongoing, the deputy changed the beneficiary designation onhis Sheriffs Retirement System (SRS) account from his wife to his minor children. Briese, ¶ 6. A few months later he was killed in the line of duty. Briese, ¶ 6. The wife brought a claim, arguing that the change of beneficiary was invalid. Briese, ¶ 7.
¶19 After determining that the TRO applied to the SRS account, we considered, as a matter of first impression, the appropriate remedy for violation of a TRO by a decedent. Briese, ¶ 38. We held that “a court has equitable power to order a return to the status quo when a parly violating a temporary restraining order has died.” Briese, ¶ 41. We then ordered the district court to void the change of beneficiary. Briese, ¶ 42.
¶20 Mary Helen interprets our holding in Briese as requiring the District Court to void William’s change of beneficiary. However, in Briese we declined to adopt a rule that would automatically void any change of beneficiary made by a decedent in violation of a divorce TRO. Briese, ¶ 41. Rather, we gave the district court the discretionary authority to void such a change if equitable principles demanded it. Briese, ¶ 41. Nothing in our holding required the District Court to void the change in beneficiary in this case.
¶21 More importantly, Briese is distinguishable from the instant case because Briese involved an active and ongoing divorce proceeding where the respondent had been served with the TRO. Here, William failed to serve Mary Helen within the three years allotted by Mont. R. Civ. P. Rule 4(t)(l), rendering the TRO ineffective. Our holding in Briese does not apply to the facts of this case.
CONCLUSION
¶22 Because William did not serve Mary Helen with the Summons and TRO in the three years allotted for service, his dissolution petition was never placed at issue and the TRO was rendered ineffective. Therefore, nothing prohibited William from amending his IRA on March 9,2012. For these reasons, we hold that the District Court did *370 not err in finding that the Adult Children are the primary beneficiaries of the account and granting summary judgment in their favor.
¶23 Affirmed.
CHIEF JUSTICE McGRATH, JUSTICES SHEA, COTTER, BAKER and RICE concur.

 Brian and Craig joined Rebecca’s motion for summary judgment and supporting briefs before the District Court. Both have joined Rebecca’s brief before this Court.

 See infra, ¶¶ 18-19 (discussing Briese).

 We note that, under the laws of two other UMDA states, the fact that William never served Mary Helen would render this issue moot because the TRO would not have become effective until the respondent (Mary Helen) was served. Both Colorado and Minnesota have codified the principle that a financial TRO in a dissolution action does not apply until it has been served on the respondent. See Colo. Rev. Stat. § 14-10-107(4)(b)(I) (2014) (“Upon filing of a petition for dissolution of marriage or legal separation by the petitioner... and upon personal service of the petition and summons on the respondent... a temporary injunction shall be in effect against both parties until the final decree is entered....”); Minn. Stat. § 518.091(b) (2014) (“Upon service of the summons, the restraining provisions contained in the notice apply by operation of law upon both parties....”). On the other hand, Arizona (also a UMDA state) has taken the approach that the TRO is effective upon the petitioner when the action is filed and upon the respondent when she is served with the TRO. See Ariz. Rev. Stat. Ann. § 25-315(3) (2014) (“The preliminary injunction is effective against the petitioner when the petition is filed and against the respondent on service of a copy of the order or on actual notice of the order....”).