JOHNSON v. SNOW
2022 OK 86
Case Number: 119794
Decided: 11/01/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 86, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

ARNOLD H. JOHNSON, Plaintiff/Appellee,
v.
DIRK M. SNOW, an individual, and DUFF M. SNOW, an individual, Defendants/Appellants,
and
INVESTMENT CENTERS OF AMERICA, INC., a foreign corporation, and LPL FINANCIAL, LLC, a limited liability company and successor in interest to INVESTMENT CENTERS OF AMERICA, INC., Defendants.

ON APPEAL FROM THE DISTRICT COURT OF GRADY COUNTY,
STATE OF OKLAHOMA
HONORABLE KORY KIRKLAND, DISTRICT JUDGE

¶0 While divorce proceedings between Plaintiff/Appellee Arnold H. Johnson (Husband) and Jacquelyn K. Johnson (Wife) were pending, Wife changed the primary beneficiary of her individual retirement account (IRA) from Husband to her adult children, Defendants/Appellants Dirk M. Snow and Duff M. Snow (collectively, Children). She also opened a new individual transfer on death (TOD) account and designated Children as the primary beneficiaries. Wife died before the divorce was granted, and the action abated. Thereafter, Husband filed the underlying declaratory judgment action to enforce the automatic temporary injunction entered in the divorce action. The district court concluded that the IRA and the funds used to open the TOD account were marital property and, therefore, Wife's acts violated the automatic temporary injunction, 43 O.S.2011 § 110

JUDGMENT OF THE DISTRICT COURT REVERSED;
CAUSE REMANDED WITH INSTRUCTIONS TO
GRANT SUMMARY JUDGMENT IN FAVOR OF APPELLANTS.

Paul M. Kolker, Edmond, Oklahoma, and Christian M. Zeaman, Oklahoma City, Oklahoma, for Appellants.

George H. Brown, Oklahoma City, Oklahoma, for Appellee.

KANE, V.C.J.:

¶1 The threshold issue on appeal is whether the district court can enforce the automatic temporary injunction, 43 O.S. O.S.2011 § 110

FACTS AND PROCEDURAL HISTORY

¶2 The material facts are not in dispute. Plaintiff/Appellee Arnold H. Johnson (Husband) and Jacquelyn K. Johnson (Wife) were married in 1996. In 2015, Wife designated Husband as the primary beneficiary of her traditional individual retirement account (IRA) with Investment Centers of America, Inc (ICA). On February 9, 2017, Husband filed a petition for dissolution of marriage. The automatic temporary injunction restrained the parties from "transferring, encumbering, concealing, or in any way disposing of, without the written consent of the other party or an order of the court, any marital property, except in the usual course of business . . . ." 43 O.S. § 110

¶3 On September 5, 2017, Wife opened an individual transfer on death account (TOD account) with ICA. Using a check from their joint checking account, Wife made an opening deposit of $32,000.00. Wife designated her adult children, Defendants/Appellants Dirk M. Snow and Duff M. Snow (collectively, Children), as the primary beneficiaries of the TOD account.

¶4 On September 8, 2017, Wife changed the beneficiary designation of her IRA by removing Husband and designating Children as the primary beneficiaries.

¶5 Wife died on November 2, 2017, and the divorce action abated. It is undisputed that Husband and Wife were still married when she died. No divorce had been granted by the court. At the time of Wife's death, Children were designated as the primary beneficiaries of both the IRA and the TOD account.

¶6 On July 24, 2018, Husband filed the underlying declaratory judgment action against Children and Defendants ICA and LPL Financial, LLC, as successor in interest to ICA.43 O.S. § 110

¶7 The trial court granted summary judgment in favor of Husband, finding that the IRA and TOD account were marital property; that "there is no sole owner of said marital property, particularly in the midst of a divorce where there is a temporary injunction in place"; that Wife's actions of changing the beneficiary of the IRA and opening the TOD account were "ineffective"; that, as a result, Husband remained the primary beneficiary of the IRA; that Husband is the owner of all funds in the IRA and the TOD account; and that Husband is entitled to immediate possession of all the funds. Children appealed. This Court retained the appeal on its own motion.

STANDARD OF REVIEW

¶8 Summary judgment is reviewed de novo. Rickard v. Coulimore, 2022 OK 9505 P.3d 920Id. In this case, the material facts are not in dispute.See Fanning v. Brown, 2004 OK 785 P.3d 841

ANALYSIS

¶9 Children submit eighteen issues on appeal in their Amended Petition in Error. However, this Court can resolve all allegations of error by addressing just four questions.

¶10 First, did Wife's death and the abatement of the dissolution of marriage action deprive the district court of jurisdiction to enforce the automatic temporary injunction? The threshold issue is not whether Wife violated the automatic temporary injunction; it is whether the trial court could enforce the automatic temporary injunction after the divorce action abated.

¶11 It has long been understood in Oklahoma that a cause of action for dissolution of marriage abates upon the death of either spouse before the entry of a final decree or final judgment. See, e.g., Pellow v. Pellow, 1985 OK 88714 P.2d 593; Chastain v. Posey, 1983 OK 46665 P.2d 1179Mabry v. Baird, 1950 OK 132219 P.2d 234Pellow, 1985 OK 88See Alexander v. Alexander, 2015 OK 52357 P.3d 48112 O.S.2011 § 696.2

¶12 When one spouse dies before the divorce is granted, "the trial court is deprived of its jurisdiction." Pellow, 1985 OK 88Id.; Mabry, 1950 OK 132See Pellow, 1985 OK 88

¶13 If, on the other hand, one party dies after the divorce has been granted, the cause of action does not abate, and the court retains jurisdiction to divide marital property. See Alexander, 2015 OK 52Swick v. Swick, 1993 OK 151864 P.2d 819See Swick, 1993 OK 151Pellow, 1985 OK 88

¶14 Critical to our analysis is the undisputed material fact that Husband and Wife were married at the time of Wife's death. The trial court never granted a divorce.

¶15 The parties disagree, however, as to whether the district court was also deprived of its jurisdiction to enforce the automatic temporary injunction.

¶16 We find the more principled approach is to first inquire into the district court's jurisdiction.Ex Parte Thomas, 54 So. 3d 356 (Ala. 2010), is persuasive. Thomas addressed the same question of law presented in this case--whether a temporary restraining order (TRO), which required parties to a divorce action to preserve their assets before division of the marital property, can be enforced after one spouse dies while the divorce action is pending. See id. at 360-61. The Alabama Supreme Court recognized the issue was purely a matter of civil procedure. The court clarified that the threshold issue on appeal was whether the court had subject matter jurisdiction over the underlying declaratory judgment action, not whether the deceased spouse violated the temporary restraining order by transferring marital property. See id. at 358-59. The Alabama Supreme Court held:

[A]n interlocutory order that affects the property rights of the parties to a divorce action may not be enforced after the death of one of the parties due to the abatement of that action. Here, upon the husband's death and the subsequent abatement of the divorce action in the family court, the TRO became a nullity, which could no longer be enforced. Because the subject matter of this action is an alleged violation of a nullity (the TRO), the trial court lacked subject-matter jurisdiction over this action; therefore, the judgment of the trial court is void.

Id. at 361-62 (quotations omitted) (citation omitted).

¶17 We agree with the Alabama Supreme Court that upon Wife's death and the abatement of the divorce action, the automatic temporary injunction, 43 O.S. § 110Mabry, 1950 OK 132See 43 O.S. § 110See also Rader v. Rader, 2020 OK 106478 P.3d 438

¶18 The trial court was without jurisdiction to declare that Wife's IRA and the funds used to open the TOD account were marital property. When Wife died and the action abated, the district court lost jurisdiction over the entire dissolution of marriage action, including property division.

¶19 We expressly overrule Deleon v. Avery, 2007 OK CIV APP 91170 P.3d 1043Deleon involved similar facts. While the dissolution of marriage action was pending, the husband changed the beneficiary of a life insurance policy from his wife to his sister. See id. ¶ 6, at 1044-45. The husband died, and the divorce action abated. Id. The wife subsequently filed a declaratory judgment action asserting that she had a right to the proceeds of the policy, because any change of beneficiary was in violation of the automatic temporary injunction and the court's temporary order. Id. ¶¶ 2, 6, at 1044-45. The Court of Civil Appeals affirmed the trial court's denial of her petition. Id. ¶¶ 1, 15, at 1044, 1046. The Court of Civil Appeals did not, however, inquire into the district court's jurisdiction to enforce the automatic temporary injunction and temporary order. Rather, it reviewed the merits of the district court's decision.Deleon was without jurisdiction to enforce the automatic temporary injunction and temporary order, and the appellate court should not have reached the merits.

¶20 We hold that the trial court lacked jurisdiction to enforce the automatic temporary injunction after the dissolution of marriage action abated. Because we hold the trial court does not have jurisdiction to enforce the automatic temporary injunction, we need not determine whether the IRA and the TOD account were marital property for purposes of property division in the dissolution of marriage action or whether Wife's acts of changing the beneficiary of the IRA and/or opening the new TOD account violated the automatic temporary injunction.if Wife violated the automatic temporary injunction, our holding that the court is without jurisdiction to grant relief may seem inequitable--as though Wife's death wipes away any wrongdoing and there are no consequences. But, as one court so poignantly stated, "while it is regrettable that [deceased spouse] violated the automatic orders and seems to have reached beyond the grave to thwart [surviving spouse's] efforts to recover his share of her assets, this Court is unable to remedy the violation in this proceeding." A.V.B. v. D.B., 985 N.Y.S.2d 840, 845 (N.Y. Sup. Ct. 2014).

¶21 The second question to be answered by this Court is whether the trial court erred by entering a judgment as to the TOD account when Husband's petition does not reference the TOD account. The trial court granted summary judgment in favor of Husband as to both the IRA and the TOD account. Husband's Amended Petition for Declaratory Judgment seeks declaratory and injunctive relief as to Wife's IRA only. However, both parties, in their respective motions for summary judgment and responses argue they are entitled to the proceeds of the TOD account. We find it was proper for the trial court to consider the pleadings as having been amended to conform to the evidence and arguments presented on summary judgment.

¶22 Third, Children take issue with paragraphs 7 and 10 of the trial court's order:

7. Further, in her execution of the Traditional IRA Application on September 8, 2017, [Wife] indicated her marital status as divorced. That [Wife] was not divorced.

. . .

10. That in her execution of the paperwork necessary to open the said non-IRA TOD account, [Wife] indicated her marital status as divorced. That [Wife] was not divorced.

Children argue the trial court erred by determining Wife's intent to commit fraud. They contend that evidence of Wife's intent to commit fraud has been disputed by their affidavit from Wife's financial advisor indicating her/his office prepared the paperwork. Our review of the record on appeal reveals Husband, at most, alludes to fraud, but he has not alleged fraud and the trial court did not grant summary judgment as to a claim for fraud. In any event, whether Wife had the intent to commit fraud is immaterial to the underlying declaratory judgment action and the jurisdictional question that resolves this appeal.

¶23 Finally, Children's allegations of error that the trial court did not give effect to the revocation upon divorce statute, 15 O.S.2011 § 178See id. As such, there was not a beneficiary designation to revoke.

CONCLUSION

¶24 When the dissolution of marriage action abated, the district court was deprived of its jurisdiction to enforce the automatic temporary injunction. The material facts are not in dispute, and Children are entitled to judgment as a matter of law. Accordingly, the trial court's judgment is reversed, and the cause remanded with instructions for the trial court to grant summary judgment in favor of Defendants/Appellants Dirk M. Snow and Duff M. Snow.

JUDGMENT OF THE DISTRICT COURT REVERSED;
CAUSE REMANDED WITH INSTRUCTIONS TO
GRANT SUMMARY JUDGMENT IN FAVOR OF APPELLANTS. 

CONCUR: DARBY, C.J., KANE, V.C.J., KAUGER, WINCHESTER, EDMONDSON, COMBS, GURICH, and KUEHN, JJ.

CONCUR IN RESULT: ROWE, J.

FOOTNOTES

See Dutton v. City of Midwest City, 2015 OK 51353 P.3d 532Application of State ex rel. Dep't of Transp., 1982 OK 36646 P.2d 605See State ex rel. Okla. Bar Ass'n v. Mothershed, 2011 OK 84264 P.3d 1197

See Alexander v. Alexander, 2015 OK 52357 P.3d 481

43 O.S.2011 § 111See 43 O.S.2011 § 110Deleon v. Avery, 2007 OK CIV APP 91170 P.3d 1043

See, e.g., Ex Parte Thomas, 54 So. 3d 356, 361 (Ala. 2010) (holding that when the action abates, the temporary restraining order becomes a nullity, which can no longer be enforced); Milewski v. Milewski, 114 N.E.2d 419, 421 (Ill. App. Ct. 1953) (holding the court could not enforce temporary injunction in a separate maintenance suit, because death deprived the court of its power to restore the status quo); A.V.B. v. D.B., 985 N.Y.S.2d 840, 845 (N.Y. Sup. Ct. 2014) (holding that after the divorce action abates, the court cannot exercise jurisdiction to enforce prior automatic orders entered in the case); In re Estate of Knickerbocker, 912 P.2d 969, 977 (Utah 1996) (noting that the divorce proceeding and the order prohibiting the parties from "selling, encumbering or mortgaging" their marital assets died with the spouse); see also Socha v. Socha, 515 N.W.2d 337, 339 (Wis. Ct. App. 1994) (holding the court had no jurisdiction to find deceased spouse in contempt for violating a temporary order).

See, e.g., Northwestern Mut. Life Ins. Co. v. Hahn, 713 N.W.2d 709, 712 (Iowa Ct. App. 2006) ("Although . . . death precludes a remedy at law in the form of a contempt proceeding, it did not prevent the district court from resorting to its equity powers for a fair resolution of the issue."); In re Estate of Corrigan, 2014 MT 337, ¶ 20, 341 P.3d 623, 626 (citing Briese v. Mont. Pub. Employees' Ret. Bd., 2012 MT 192, ¶ 41, 285 P.3d 550, 559) (recognizing the district court has the discretionary authority to void a change of beneficiary when the spouse violating the statutory TRO has died "if equitable principles demanded it"); Coleman v. Olson, 551 S.W.3d 686, 697 (Tenn. 2018) ("Simply put, a trial court should have the authority to 'right a wrong' and remedy an injustice based on equitable considerations when a party violates a statutory injunction and later dies while the divorce action is pending."); Aither v. Estate of Aither, 2006 VT 111, ¶¶ 8-12, 180 Vt. 472, 476-79, 913 A.2d 376, 379-81 (holding the court's jurisdiction extends to post-abatement enforcement of pre-abatement orders); Standard Ins. Co. v. Schwalbe, 110 Wash. 2d 520, 526, 755 P.2d 802, 805-06 (Wash. 1988) (recognizing that because no remedy at law in the form of a contempt proceeding is available, the trial court can resort to its equity powers).

See Hall v. GEO Grp., Inc., 2014 OK 22324 P.3d 399

See supra note 4.

See 43 O.S.Supp.2012 § 121Nicholas v. Nicholas, 83 P.3d 214, 221 (Kan. 2004) ("[W]here there is no divorce, there is no division of property."); A.V.B., 985 N.Y.S.2d at 845 (recognizing that when one spouse dies, the matrimonial action abates, and the surviving spouse cannot obtain equitable distribution of marital assets); Thorson v. Thorson, 541 N.W.2d 692, 696 (N.D. 1996) ("In a divorce action, the equitable distribution of property is incidental to a judgment of divorce.").

 See In re Estate of Johnson, Grady County District Court, PB-2021-89. Husband was appointed Personal Representative on June 18, 2021. On May 5, 2022, the probate court entered an order of summary administration of mineral interests, automobiles, and personal property, but specifically reserved jurisdiction as to property addressed in this case.

See Deleon v. Avery, 2007 OK CIV APP 91170 P.3d 1043Deleon.

life insurance policies on the life of either party or any of their children . . . ." 43 O.S. § 11043 O.S. § 110 Relying on the Oklahoma Uniform TOD Security Registration Act, Children argue changing the beneficiary designation on an IRA does not transfer, encumber, conceal, or any way dispose of the property:

The designation of a TOD beneficiary on a registration in beneficiary form has no effect on ownership until the owner's death. A registration of a security in beneficiary form may be canceled or changed at any time by the sole owner or all then surviving owners without the consent of the beneficiary. The designation of a TOD beneficiary on a registration in beneficiary form shall be subject to the provisions of Section 178 of Title 15 of the Oklahoma Statutes.

71 O.S.Supp.2020 § 907 see In re Estate of Westfall, 942 P.2d 1227, 1230 (Colo. App. 1996) (finding that changing POD beneficiary altered surviving spouse's rights as heir but did not "encumber" any marital property).

Furthermore, nothing in today's opinion prevents the district court from issuing temporary orders that prohibit the parties from changing the beneficiaries of retirement accounts while the divorce is pending. See 43 O.S. § 110

If, after entering into a written contract in which a beneficiary is designated or provision is made for the payment of any death benefit (including life insurance contracts, annuities, retirement arrangements, compensation agreements, depository agreements, security registrations, and other contracts designating a beneficiary of any right, property, or money in the form of a death benefit), the party to the contract with the power to designate the beneficiary or to make provision for payment of any death benefit dies after being divorced from the person designated as the beneficiary or named to receive such death benefit, all provisions in the contract in favor of the decedent's former spouse are thereby revoked. . . .

15 O.S.2011 § 178Ghoussoub v. Yammine, 2022 OK 64