OSCN Found Document:CAPRON v. SIXSMITH

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 CAPRON v. SIXSMITH
2023 OK CIV APP 25
Case Number: 121068
Decided: 06/26/2023
Mandate Issued: 07/26/2023
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III

Cite as: 2023 OK CIV APP 25, __ P.3d __

 

STEVE CAPRON, Plaintiff/Appellant,
v.
DOUGLAS JOHN SIXSMITH, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE REBECCA BRETT NIGHTINGALE, JUDGE

AFFIRMED

Stephen J. Capron, CAPRON & EDWARDS, PLLC, Tulsa, Oklahoma, Pro se Plaintiff/Appellant,

Stephan S. Mathis, Roger Gassett, Jeff D. Scott, ASTON|MATHIS|CAMPBELL, PLLC, Tulsa, Oklahoma, for Defendant/Appellee.

ROBERT D. BELL, JUDGE:

¶1 Plaintiff/Appellant, Steve Capron, appeals from the trial court's order granting summary judgment to Defendant/Appellee, Douglas John Sixsmith, in Plaintiff's action for trespass. For the reasons set forth below, we affirm the judgment of the trial court.

¶2 Defendant is a licensed process server. Plaintiff is an attorney. At the time the instant matter arose, both parties were professionally engaged in a Tulsa County civil case. On January 27, 2021, Defendant drove his vehicle through an open gate into the gated Tulsa neighborhood where Plaintiff resides. Defendant then parked his car in front of Plaintiff's house, walked to the front porch and either knocked on the door or rang the doorbell. When Plaintiff opened the door, Defendant served Plaintiff a subpoena related to the Tulsa County case. Defendant then returned to his car and exited the neighborhood.

¶3 Plaintiff filed the instant suit two months later, asserting Defendant was trespassing when he entered the gated community and entered upon Plaintiff's property without permission. Both sides thereafter moved for summary judgment. Plaintiff contended Defendant trespassed because he drove through the security gate without permission. Plaintiff's argument included the proposition that everything in the neighborhood within the gates constitutes Plaintiff's curtilage. Defendant averred he did not force his way into the neighborhood, the area within the neighborhood is owned by the community's home owners' association, Plaintiff has no standing to maintain a trespass action relating to the neighborhood common areas, and no curtilage existed on Plaintiff's property upon which Defendant could have trespassed.

¶4 The trial court granted summary judgment in favor of Defendant and Plaintiff now appeals. This appeal stands submitted for accelerated appellate review without appellate briefs on the trial court record pursuant to Rule 13(h), Rules for District Courts, 12 O.S. 2021, Ch. 2, App. 1, and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. 2021, Ch. 15, App. 1.

¶5 This Court's standard of review of a trial court's grant of summary judgment is de novo. Johnson v. Snow, 2022 OK 86, ¶8, 521 P.3d 1272. "Under this standard, we have plenary, independent, and nondeferential authority to determine whether the trial court erred in its legal ruling." Fanning v. Brown, 2004 OK 7, ¶8, 85 P.3d 841. Summary judgment is proper when the evidentiary materials establish "there is no genuine controversy as to any material fact, and the moving party is entitled to judgment as a matter of law." Johnson at ¶8. The material facts in the present case are undisputed.

¶6 We begin our analysis by addressing Plaintiff's repeated claim that Defendant circumvented the security gate and gained entry into the neighborhood by surreptitiously following another, authorized vehicle through the gate. The record contains no such evidentiary support. "This Court does not base its decision upon either unsupported statements in a brief filed in this Court or unsupported statements made in argument of counsel to the trial court." State ex rel. Bd. of Regents of Univ. of Okla. v. Lucas, 2013 OK 14, ¶23, 297 P.3d 378. The only record evidence regarding Defendant's entry into the neighborhood is that Plaintiff drove his vehicle through an open gate.

¶7 We also agree with Defendant that the streets and common areas of the neighborhood do not constitute the curtilage of Plaintiff's home. The term curtilage is defined as, "The land or yard adjoining a house, usu[ally] within an enclosure." BLACK'S LAW DICTIONARY 411 (8th ed. 2004). "The curtilage concept originated at common law to extend to the area immediately surrounding a dwelling house the same protection under the law of burglary as was afforded the house itself." United States v. Dunn, 480 U.S. 294, 107 S.Ct. 1134, 1139, 94 L.Ed.2d 326. The Dunn Court explained "that the extent of the curtilage is determined by factors that bear upon whether an individual reasonably may expect that the area in question should be treated as the home itself." Id.

¶8 First, the gate to the Plaintiff's neighborhood was open to the public at the time Defendant entered the property. Defendant did not force his way into the addition. Second, the gate allowed access to the entire neighborhood, not Plaintiff's residence specifically. Defendant entered only the common areas of the neighborhood when he passed through the gate. Moreover, the entire gated community cannot be considered Plaintiff's curtilage because it does not immediately surround or adjoin his dwelling house. No individual could reasonably expect that the common areas of the neighborhood should be treated as Plaintiff's home itself.

¶9 An analogous argument was addressed and rejected in United States v. Harris, 6 Fed. Appx. 304 (6th Cir. 2001):

Although the gated community presumably somewhat limited public access to Harris's residence, . . . it was still accessible to the other residents and their guests, garbage collectors, and other service providers. Harris's argument that the entire community, encompassing approximately 200 houses, is within the curtilage of his home is overreaching, at best.

Id. at 308.

¶10 Even if the record supported that Defendant trespassed onto the common areas of Plaintiff's neighborhood, we would hold Plaintiff has no standing to assert a trespass action as to that area. The streets and common areas of Plaintiff's neighborhood are owned by a neighborhood association and not by Plaintiff individually. Only the association would have standing to maintain an action for trespass against Defendant for his entry into the common areas. See Choromanskis v. Chestnut Homeowners Ass'n, Inc., 147 A.D.3d 1477, 1479, 47 N.Y.S.3d 594 (N.Y. App. Div. 2017) ("Although plaintiffs are members of the HOA, they nevertheless lack standing to sue in their individual capacities for damage to the complex's common areas"); Greenpeace, Inc. v. Dow Chem. Co., 97 A.3d 1053, 1060-61 (D.C. Cir. 2014) (held tenant could not maintain action for trespass to common areas because tenant could not establish it had exclusive control of same); United States v. Sweeney, 821 F.3d 893, 899-900 (7th Cir. 2016) (held tenant had no rights in common basement of apartment building).

¶11 Finally, we hold Defendant did not trespass upon the property actually owned by Plaintiff. The undisputed evidence demonstrates the front of Plaintiff's house is not enclosed by a fence or similar obstacle. Defendant stopped his vehicle in the street in front of Plaintiff's house, walked directly to Plaintiff's doorway, either rang the doorbell or knocked on the door, and served Plaintiff when he opened the door. Plaintiff then immediately returned to his car and exited the area. He neither entered Plaintiff's house nor remained on the premises against Plaintiff's wishes.

¶12 A trespass is the physical invasion of the property of another without the owner's permission. Fairlawn Cemetery Ass'n v. First Presbyterian Church, 1972 OK 66 ¶14, 496 P.2d 1185. Permission to enter another's property may be either express or implied. Brown v. Nicholson, 1997 OK 32, ¶6, 935 P.2d 319. As Defendant correctly argues, members of the public have an implied consent to approach an unobstructed residence and knock on the front door. See United States v. Vaughn, 429 F. SupP.3d 499, 509 (E.D. Tenn. 2019), citing Kentucky v. King, 563 U.S. 452, 131 S.Ct. 1849, 179 L.Ed.2d 865 (2011) ("There is an implied consent for law enforcement, as members of the public, to approach an unobstructed residence and knock on the front door."). As the United States Supreme Court has explained:

"A license may be implied from the habits of the country," notwithstanding the "strict rule of the English common law as to entry upon a close." McKee v. Gratz, 260 U.S. 127, 136, 43 S.Ct. 16, 67 L.Ed. 167 (1922) (Holmes, J.). We have accordingly recognized that "the knocker on the front door is treated as an invitation or license to attempt an entry, justifying ingress to the home by solicitors, hawkers and peddlers of all kinds." Breard v. Alexandria, 341 U.S. 622, 626, 71 S.Ct. 920, 95 L.Ed. 1233 (1951). This implicit license typically permits the visitor to approach the home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave. Complying with the terms of that traditional invitation does not require fine-grained legal knowledge; it is generally managed without incident by the Nation's Girl Scouts and trick-or-treaters. Thus, a police officer not armed with a warrant may approach a home and knock, precisely because that is "no more than any private citizen might do." Kentucky v. King, 563 U.S. [452], [469-470], 131 S.Ct. 1849, 1862, 179 L.Ed.2d 865 (2011).

Florida v. Jardines, 569 U.S. 1, 8, 133 S. Ct. 1409, 1415--16, 185 L. Ed. 2d 495 (2013) (footnote omitted).

¶13 On the basis of the foregoing and upon de novo review, we hold there exists no genuine controversy as to any material fact and that Defendant is entitled to judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed.

¶14 AFFIRMED.

MITCHELL, C.J., and PRINCE, P.J., concur.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1997 OK 32, 935 P.2d 319, 68 OBJ 992, 
Brown v. Nicholson
Discussed

 
1972 OK 66, 496 P.2d 1185, 
FAIRLAWN CEMETERY ASS'N v. FIRST PRESBYTERIAN CHURCH
Discussed

 
2004 OK 7, 85 P.3d 841, 
FANNING v. BROWN
Discussed

 
2013 OK 14, 297 P.3d 378, 
STATE ex rel. BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA v. LUCAS
Discussed

 
2022 OK 86, 521 P.3d 1272, 
JOHNSON v. SNOW
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA